## Powers v. Bridges.

The granting of a new trial is a question of sound discretion, which will not be disturbed, unless a flagrant case of injustice is made to appear.

After a final judgment has been entered, and an application for a new trial overruled, it is irregular to entertain a second motion for that object. But after the court has granted such new trial, the plaintiff, by appearing and amending his declaration, waives the irregularity.

An instruction upon principles of law, pertinent to the issue, and responsive to the averments in the declaration, should not be refused; and the evidence, to which such instruction of law is applicable, need not be set out in the bill of exceptions.

It is not necessary for the plaintiff to prepare a deed for the defendant to execute, before he can sue for a breach of the contract to convey.

Error, *to Des Moines District Court.*

*Grimes* and *Starr* and *J. C. Hall*, for the plaintiff in error. This was an action of assumpsit, to recover the value of cer-

tain work and labor done, and materials furnished by the plaintiff, at the instance, and for the benefit of the defendant, Bridges. A trial was had at the October term, 1843, upon the defendant's plea of non-assumpsit, to the plaintiff's declaration, and a verdict rendered for the plaintiff, for two hundred dollars. The verdict was rendered by the jury on the 21st day of October, 1843, and the judgment rendered by the court on the same day. On the 6th day of November, fifteen days after the judgment was rendered and entered, as appears upon the record, the defendant filed his motion for a new trial. This motion of the defendant was granted, and in granting it we say the court erred.

We hold that no new trial could properly be granted after the rendition of the final judgment. The 20th section of the practice act, in force at the time this trial took place, declared that "if either party may wish to except to the verdict, or for other causes to move for a new trial, or in arrest of judgment, he shall, before final judgment be entered, give, by himself or counsel, to the opposite party, or his counsel, the points in writing, particularly specifying the grounds of such motion, and shall also furnish the judge with a copy of the same, and final judgment shall thereupon be stayed until such motion can be heard by the court." This statute is equally imperative upon the counsel and the court. It is first incumbent upon the party seeking a new trial to perform certain acts. Those acts are essential. They are made so by the statute, and it is required too, that they shall be performed before a certain time, or the happening of a certain event. When they are correctly performed, both as to the manner and time, then it is made obligatory upon the court to stay the final judgment until such time as the motion shall be disposed of. The supreme authority has seen fit to establish this check, for the purpose of guarding the rights of the party in whose favor the judgment was rendered, and to prevent a continuous train of litigation. Every one conversant with the administration of law, must know how exceedingly important it is that motions of this kind should be determined at as early a day as possi-

Powers *v.* Bridges.

ble, after the trial; while the facts are fresh in the remembrance of the court and attorneys, and before the party has time to range the country to procure witnesses by subornation, to swear his cause to a successful termination. These were undoubtedly some of the considerations that induced the legislature to enact the law regulating applications of this kind.

Now, in the case at bar, none of the preliminary requirements of the statute were performed. No notice of the motion for a new trial was served upon the plaintiff's attorneys, nor was a copy of the points relied upon delivered to the court. It does not appear from the record, that any such service was made, and it is inferred that none was made, because the legal presumption is, that if it was made the court would have stayed the judgment. No notice even was given in open court, and the judgment was not stayed; but after the lapse of fifteen days, the application was made for a new trial. This first motion was overruled, and on the 22d day of November, thirty-one days after the rendition of judgment, another motion was made of a similar character, and was sustained. The whole proceeding after the judgment was irregular and *coram non judice.* The statute was palpably violated by granting the new trial. If so, the plaintiff is entitled to a reversal. The case of *Jones* v. *Coopridge,* 1 Blackf. 47, is in point. In that case, the supreme court of Indiana decided, that where an inferior court granted a new trial for insufficient causes, the revising court will set aside all the proceedings of the inferior court, after the entry of the judgment. That case was stronger than this. There, there was an error in judgment of the judge only; here, there is a violation of the statute, and an infringement of the plaintiff's right.

2. The court erred in granting the new trial, admitting that the judgment had not been entered, and that all the proper preliminary steps had been taken. The ground for granting a new trial was, that there was newly-discovered evidence, which materially affected the case. Now, we hold that it was necessary for the defendant, that the new testimony was material to the issue; that it could not be obtained at the trial,

and that it will be sworn to by new and disinterested witnesses. It is not enough to show that the evidence was not put in at the first trial, merely; it must appear to the court, that the party did not know of the evidence. It must be shown that the new witness was not called at the first trial; for if the witness was sworn, and was not interrogated, or did not swear as to facts within his knowledge, a court will not grant a new trial, although the party knew not that the witness knew of the undisclosed evidence. *Bond* v. *Cutler*, 7 Mass. 205. Now it was the duty of the defendant to cross-examine his son when on the stand, and elicit from him all the facts within his knowledge. It may be said that there is no evidence that he was sworn on the first trial. True, that does not appear upon the record, but it should appear affirmatively that he was not sworn, before the new trial could properly be granted. To enable a party to demand a new trial, all the facts entitling him to it, should appear upon the record.

It is a principle well established, that a party is not entitled to a new trial on the ground of newly-discovered evidence, if the evidence might have been obtained by a reasonable degree of diligence. *Williams* v. *Baldwin*, 18 John. 489. Now, it seems to me, the court will look with some degree of suspicion on the affidavits of the defendant and his son. Who supposes that the father was not possessed of all the knowledge of the facts of this case that were known by the son? Or who will suppose that he did not know everything that was known by the son? Yet he swears that he heard all of the conversation recited in his affidavit, which he must have known to be material to his father's defence, and yet kept it a profound secret, not only before, but at the trial, when he was sworn to tell all the facts within his knowledge. It seems, too, that these facts were not disclosed soon after the trial; they were smothering in his bosom thirty-one days after the trial, and until after one ineffectual attempt had been made to procure a new trial upon newly-discovered evidence of another person. Now, we hold that the defendant did not make out such a case as entitled

him to a new trial. He did not show that the testimony was such, that he was unable to procure it at the trial.

Again : the court below erred in the refusal to instruct the jury, as desired by plaintiff's counsel. We are conscious that the statement of facts and evidence is not fully set out in the bill of exceptions; but presume there is enough shown to warrant the court in considering it. If there is, we presume the judge who presided at the trial below will furnish the notes taken by him in aid of the facts already appearing. That he has the right to report the evidence in such cases, and that the appellate court has a right to consider the statement, see *Miller* v. *Baker*, 20 Pick. 285 ; Minot's Dig. 512.

It appears from the special counts in the declaration, that Powers performed a large amount of mechanical work for the defendant, for which he was to receive a deed to eighty acres of land; Powers paying Bridges, in addition to his labor, a note drawn in his favor by R. W. Bell. The deed to the land was demanded by Powers ; but at the time of the demand he did not exhibit the note. No exception, however, was taken by Bridges because of the absence of the note ; but he excused himself from performing his obligation, and delivering the deed, by saying that he was not then ready to execute it. The parties then agreed that the deed should be executed, and it, with the note, should be delivered to a person, and at a time specified ; which third person was to hand the note and deed to the parties to whom they respectively belonged. The note was delivered by Powers, according to the agreement, but Bridges entirely neglected and refused to deliver the deed. Upon this state of facts the instructions were asked, as specified in the plaintiff's bill of exceptions, all of which were refused by the court.

The court below, in instructing the jury, ruled correctly as to the law generally. It is undoubtedly the law in New York, and everywhere else, for aught that we know, that, in ordinary cases, two demands are necessary. The party wanting the deed must demand, and wait a reasonable length of time for the deed to be executed, when another and second demand

must be made. Of course, all cases where the execution of the deed is a condition precedent, are excepted from the operation of this rule. But as a general rule, it is true. It is for the benefit of the vendor, and a right that the law has given him. But it is a right that he can dispense with. He is not compelled to insist upon the two demands. When the first is made, he can unquestionably waive the second one, either in express terms, or by implication. I hold that the second demand was waived in this case. What more effectual method could the vendor adopt to show his waiver of the second demand than to agree himself to deliver the deed? Bridges selected a third person, to whom it was to be committed; and when he made this new arrangement with the consent of Powers, the latter was absolved from making another demand. Powers, after that, could not make a demand of Bridges, because Bridges had not agreed to deliver to him, but to another and distinct person. A demand is never necessary, and can never effectually be made unless the person making it has an immediate personal right to the thing demanded. Here, Powers had no such right, except as under the last special agreement. If, then, this be so—if there was the special agreement as to the delivery of the deed, embodied in the second instruction asked of the court, and if under that agreement Powers had no right to demand the deed to be delivered to himself, and if Bridges had the right to insist upon delivering the deed to the person agreed upon, then it follows that a second demand by Powers was unnecessary, and the refusal of the court to instruct as desired was error.

The parties, after this special agreement, stood precisely as if both demands had been made. If it was one of the terms of that agreement that the conveyance should be delivered by a certain day, then if that day passed without the deed being tendered to the person named, a right of action immediately accrued to Powers. If no day was named, then Bridges had a reasonable time to deliver it in; and what was a reasonable time was a question of fact for the jury to determine. So far as this case is concerned, it matters not whether the agree-

Powers *v.* Bridges.

ment was to deliver by a day certain or generally, because the court ruled generally that a failure to deliver will not entitle the party to recover at all. For this refusal of the court to instruct the jury, we think the judgment below should be reversed. But we confidently believe that the court will not find it necessary to examine the case, so far as to consider this last objection; for it seems to us that the erroneous granting of the first new trial must be decisive of the case.

All of which is respectfully submitted.

*David Rorer,* for the defendant. The first objection urged by the plaintiff, is the granting defendant's motion for a new trial, after the first trial was determined. If this was erroneous, it was waived by the plaintiff amending his declaration, and joining in issue to the pleadings thereto. If he would have availed himself of it, he should have rested his case there, and brought it up at that stage of the proceedings; by pleading over, the defendant waived his exceptions. 1 Scam. 281; 4 Blackf. 449; 1 Scam. 471.

But he not only pleaded over in this case, by amending his declaration, but actually withdrew a juror on a subsequent trial, and consented to a continuance, before putting in that amendment; by this consent, it is believed that he waived his former exceptions. But be that as it may, the subject of new trial directs itself to the sound discretion of the court below, and their opinion ought not to be disturbed, unless a flagrant case of injustice is made to appear. 1 Scam. 131 and 529.

But it has been urged that it was applied for too late, and could not be moved for after judgment entered up, or after the intervention of four days. This doctrine has originated on the rule of other courts, and is not law here. Jackson Ex. Demise of *Cobden et al.* v. *Chase,* 15 John. 354.

In Lofft's R. 160, it is said that "it is never too late to move for a new trial, on newly-discovered facts." See reference thereto in Harrison's Dig. 1531.

16

The instructions asked for by plaintiff below, and the re-fusal of which is assigned for error, were wrong in point of law, and were properly refused by the court. The settled law on the subject is as follows: (I have not the authorities at hand, but have copied from the books substantially)

"A vendee of real estate, to whom a deed is to be executed by a certain day, must make demand of the deed; and after allowing a reasonable time for the drawing and execution · thereof, must present himself again to receive it; but if, on the first demand, the vendor refuses (not, says it is not ready) to execute the deed, then the second demand is not necessary." See *Blood* v. *Goodrich*, 9 Wend. 68; *Connelly* v. *Pierce*, 7 Wend. 129; *Hackett* v. *Huson*, 3 Wend. 249; *Sheets* v. *Andrews*, 2 Blackf. 274; 4 *ib.* 394; 1 *ib.* 274.

And even then it is a matter of doubt whether the vendee can sue for breach of the contract, for mere neglect to convey, or want of readiness after those demands. But must he not pre-pare and tender a deed to the vendor, and demand that he sign it? Such is the law laid down in *Hudson* v. *Swift*, 20 John. 26; *Sheets* v. *Andrews*, 2 Blackf. 274.

Should it be objected that the cost of more than two wit-nesses to each fact is taxed in the judgment, under the statute, it will be seen, from the record, that it was done by consent; and the certificate of the judge to their materiality was waived by the plaintiff in error, expressly. And this being a judg-ment for costs, merely, that waiver ought to operate as a waiver of all prior exceptions in the cause; for so much of the judgment is actually assented to thereby, on the part of the plaintiff in error.

It will doubtless be objected, (as it was below,) that the judg-ment could not be set aside, and new trial granted, after the actual rendition of the judgment—that is, after it was entered; but by reference to the statute it will be seen that there is nothing in this objection. See *Rev. Stat.* 472, § 20.

That statute clearly contemplates the setting aside judg-ments, and granting new trials, as well for substantial causes as for irregularity; for although it requires notice to counsel

Powers *v.* Bridges.

and court before the entry of final judgment, when a new trial is intended to be moved for, and although the records may not show such notice in this case, yet it will be presumed to have been given, as the exceptions do not show to the contrary; and it is not to be presumed that the court would have acted without it. And even if not so presumed, the defendant contends that such notice is not required, when final judgment has already been entered, and is only intended to stay final judgment until the motion can be heard. And it is clear that a new trial may be had after entry of judgment, for the statute expressly speaks of setting aside a verdict, or judgment; and says it shall not be done for irregularity only, unless cause be shown, &c., during the sitting of the court; thereby clearly showing that a judgment may be set aside, and a new trial granted any time during the term, and not for irregularity only.

Defendant in error insists that it may be done on newly-discovered evidence, after the judgment is entered; that the doctrine in the books, to the contrary, is based on rules of other courts, and not on the general law; and it can be presumed that new evidence, even when in existence, would probably be discovered in so a short a period as that intervening between the return of a verdict, and the entering of the judgment, which in our courts is done as soon as the clerk can enter it up. This doctrine is only applicable to those courts where a certain number of days are required, by the practice, to intervene between the finding and recording of the verdict, and the moving for and entering of judgment. Here no time is required to intervene; then the reason of the rule ceases, and the rule itself should cease.

In *Mulford* v. *Shepherd*, 1 Scam. 583, a new trial was refused by the court below, and on error, ordered to be granted, though moved for after the actual rendition of judgment, and although that fact was objected against the granting of it.

It is not only a matter of discretion, but it is said that the opinion of the judge, granting or refusing it, should always have great weight. Yates' Pl. 534:

"An exception cannot be taken to the opinion of the circuit court, in granting a motion for a new trial; it is only to a decision overruling and refusing such motion that an exception can be taken, according to the principles of the common law and the practice of the courts." *Brookbank* v. *Smith*, 2 Scam. 78.

Nor can I perceive that this case is altered by our statute in any manner. It is true, that the present act provides, that "the supreme court shall have appellate jurisdiction over all final and intervening orders, judgments, and decrees of the district courts, in law and chancery, and over all questions of law that may arise in said courts, upon motions for new trials, in arrest of judgments, continuances, and to cases reserved." Page 6 of the laws of 1844. But this statute was passed in February, 1844; and granting the first new trial, the only one assigned for error, and the only one ever granted to defendant in error, took place in November, 1843. Hence the present statute can have no manner of application to the acts of the court done prior to its passage; for this being a statute in derogation of the common law, it will not be construed to retrospect, so as to affect proceedings had before its enactment.   7 John. 477; 1 Kent's Com. 450, 455, 456; 2 Cranch. 389; 3 Call, 268; 6 Mass. 306; 1 Blackf. 374; 2 *ib.* 76.

The defendant asks for the affirmance of the judgment, and that a *procedendo* be awarded.

*Opinion by* HASTINGS, C. J.   This was an action of assumpsit, brought in the court below by the plaintiff in error, for an alleged violation of a contract to convey a tract of land.   The defendant pleaded the general issue to the several counts in plaintiff's declaration, and trial was had thereon on the 20th day of October, 1843.   On the 6th day of November, same year and term of the court, affidavits were filed for a new trial, judgment having been rendered on the verdict of the jury in favor of the plaintiff.

On the 10th of the same month, the motion of defendant for a new trial was overruled.   Afterwards, on the 22d day of the

same month and term, the defendant submitted another affidavit for a new trial, and also another affidavit on the 27th of the same month ; and on the same day last aforesaid, the court granted a new trial on the last application.    To these proceedings of the court the plaintiff excepted, and has assigned the same for error.

It seems to be settled that the subject of a new trial directs itself to the sound discretion of the court, and that the opinion of the court ought not to be disturbed, unless a flagrant case of injustice is made to appear by the record. (a)

It will not be necessary in this case to settle the question raised here, whether error will lie to the decision of a court sustaining or overruling a motion for a new trial, under the statute prescribing the jurisdiction of this court.

The granting of a new trial on the 27th November was clearly erroneous and irregular. The defendant had had his day in court on a motion for a new trial ; his motion and affidavits had been overruled, and it would be flagrantly unjust to permit a defendant to file a second motion for a new trial over one month after trial and judgment rendered, and sustain the same, as was done in this case.

If such practice should be tolerated, a party plaintiff would never know at what hour his judgment would be set aside, nor at what period litigation would be at an end.

But the plaintiff in this case, after the new trial was granted, asked and obtained leave to amend his declaration, and did so amend by adding an entire new count to his declaration, to which the defendant pleaded the general issue.

The plaintiff clearly waived all errors and irregularities in the prior proceeding, conferring jurisdiction upon the court by his amendment and subsequent acts, and acquiescing in the irregular acts of the court in making the prior judgment of the court a nullity.

The plaintiff contends that the proceedings of the court, in setting aside the judgment, were *coram non judice* and void.

(a) See *Warren* v. *The State*, ante 106.

However this might be, had the plaintiff not amended his declaration, yet, inasmuch as the court had jurisdiction of the subject matter, and the plaintiff by his acts abandoned the judgment, it is too late for the plaintiff to question the jurisdiction of the court in rendering a judgment on the second issue.   The irregular proceedings of the court, we think, were voidable only, and cured by plaintiff's subsequent acts.

We will now proceed to examine the errors assigned to the proceedings in the last trial.   It appears from the bill of exceptions, that the plaintiff requested the court to instruct the jury as follows :   " That if the jury find that plaintiff made a demand of the deed of defendant, and defendant promised to execute the same and deliver it at a particular place and to a person designated by the parties ; and receive the note on R. W. Bell at such place from such person, when plaintiff was to have the note to be delivered to defendant ; that if the jury believe that plaintiff did deliver the note to the person agreed upon, and at the place agreed upon, and defendant failed to deliver the deed at such place, that such failure of defendant rendered the defendant liable to this action ; which instruction the court refused.   To which plaintiff excepts."

The instruction sought seems to have been pertinent to the issue and responsive to the averments in the declaration.   We see no reason on the record for refusing it.

It is urged that the bill of exceptions does not set out the evidence so as to show the pertinency of the instruction.   This we think was not necessary ;   a principle of law was affirmed in the instruction, and the court was called upon to give the same to the jury.   The principle of law alluded to in the instruction did bear directly upon the issue.   Where the opinion of the court delivered to the jury presents a general principle of law, and the application of the evidence to it is left to the jury, there is no necessity of putting any portion of the evidence upon the record.   *Pennock* v. *Dialogue*, 2 Pet. Rep. 15.

It was not necessary for the plaintiff to prepare a deed for execution, and tender the same to the defendant, before he

could sue for a breach of the contract to convey. (*a*)   It was sufficient for the plaintiff, having complied with the contract on his part, to make a demand for a deed, giving a reasonable time for the execution of the same, and if the defendant should refuse or neglect to make his deed at the time and place by him stipulated for that purpose, the plaintiff would then have his right of action against the defendant.

It is true in England, for reasons, we presume, peculiar to their system of conveyancing, that it is required of a vendee to prepare and tender a deed ; and such is the doctrine in many of the states of this union.   But we believe the more reasonable doctrine to be as above stated.   See *Buckmaster* v. *Grundy*, 1 Scam. 313 ; 9 Wend. 68.

For the above reason, the judgment of the court below will be reversed.

Judgment reversed.

(*a*) See *Carson* v. *Lucore*, ante 34.