*T. Means*, for the appellant.

------------

NAGLE *v.* HORNBERGER.

| 6 | 69 |
|---|---|
| 134 | 604 |

The Supreme Court will more readily control the discretion of the Court below in refusing a new trial than in granting it, because the refusal operates as a final adjudication between the parties.

The granting of a new trial by the Circuit Court is a matter within its sound discretion, and will not be disturbed by the Supreme Court unless a flagrant case of injustice is made to appear.

ERROR to the *Franklin* Circuit Court.

DAVISON, J.—*Nagle* sued *Hornberger* in an action of trespass, in the *Dearborn* Circuit Court, for an assault and battery, and in that Court recovered a verdict for 400 dollars. Upon the defendant's motion, a new trial was granted. Thereupon he moved for and obtained a change of venue to the *Franklin* Circuit Court. In the latter Court there was a verdict and judgment in favor of the plaintiff for 100 dollars.

The plaintiff contends that the Circuit Court erred by sustaining the motion for a new trial, and upon that error alone he seeks to reverse the judgment, and asks this Court to set aside all the proceedings in the case subsequent to the first verdict, and direct the *Dearborn* Circuit Court to render a judgment thereon in his favor for the 400 dollars.

The reasons assigned for a new trial were these: 1. The verdict was contrary to law and evidence. 2. The jury disregarded the charge of the Court. 3. The damages were excessive. 4. Improper conduct of the jury. 5. Newly discovered evidence.

The two last reasons were strongly supported by affidavits; but their force was, to some extent, impaired by counter affidavits produced by the plaintiff.

As a general rule, the Supreme Court will always more readily control the discretion of the Court below in refusing a new trial than in granting it, because the refusal operates as a final adjudication of the rights of the parties. *Oliver* v. *Pace*, 6 Georgia R. 185. Also it has been ruled "that the granting of a new trial by the Circuit Court is a question of sound discretion, which will not be disturbed in an appellate Court, unless a flagrant case of injustice is made to appear." *Powers* v. *Bridges*, 1 Greene 235. The principle recognized by these decisions is no doubt correct.

In the case before us, we have carefully examined the affidavits, both for and against the alleged reasons for a new trial, and are satisfied that no injustice could result from the discretion exercised by the Court. The newly discovered evidence, it is true, was merely cumulative, and that alone is considered insufficient to support such motion; but the conduct of the jury during the trial does not appear to have been strictly correct. The trial continued several days, and as the Court adjourned from time to time, the jury, against its express order, separated, and boarded and lodged apart from each other. This was not in accordance with their duty as jurors, and, under the circumstances as they appeared to the Court, may have constituted a cause sufficient to set aside the verdict.

In addition, it is not even clear that the weight of evidence sustained the verdict.

There is nothing in the record that would authorize us to pronounce the decision granting a new trial erroneous.

*Per Curiam.*—The judgment is affirmed with costs.

*E. Dumont* and *D. S. Major*, for the plaintiff.

*J. Ryman*, for the defendant.