## LEPPAR v. ENDERTON.

This Court will not so readily reverse a judgment of the Common Pleas or Circuit Court for granting a new trial, as for refusing it.

A new trial is granted in the exercise of a sound discretion; and unless it plainly appear that injustice is done by that ruling, this Court will not intervene.

APPEAL from the *Tippecanoe* Court of Common Pleas.

DAVISON, J.—The complaint states that *Leppar*, the appellant, who was the defendant, was indebted to *Enderton*, the plaintiff below, 240 dollars for the use and rent of the canal-boat *Kentucky*, for one hundred and twenty days, which boat had been rented and furnished to the defendant at his request, &c.

The defendant's answer led to issues which were submitted to a jury. Verdict in favor of the plaintiff for 20 dollars.

Upon the return of the verdict, the defendant moved the Court to render a judgment thereon for the plaintiff, and in favor of the defendant for costs; but pending that motion, the plaintiff moved for a new trial, alleging two causes. His motion was sustained; but the motion of the defendant was overruled. Upon a second trial there was a verdict in favor of the plaintiff for 144 dollars, on which the Court rendered a judgment.

The appellant says there was error in sustaining the motion for a new trial. He seeks to reverse the judgment for that error; and asks this Court to direct the Common

Pleas to render a verdict in favor of the appellee for the 20 dollars, and against him for costs.

The causes assigned for a new trial were these:

1. Newly discovered evidence.

2. Surprise at the testimony of one *Neff*, a witness for the defendant.

In support of the motion, the plaintiff produced his own affidavit, wherein he alleged that he was surprised by the testimony of the witness, *Neff*, who had testified, *inter alia*, to the plaintiff's admissions that the defendant had paid 140 dollars towards the use of the boat; that he, plaintiff, could prove, by *Peleg Caswell* and *John Campbell*, that said defendant admitted that he had not paid anything on account of the use of the boat; that affiant did not know of such proof until after the trial, although he had used due diligence to obtain all the evidence necessary to sustain his case; and that the newly discovered evidence is true, and required only to rebut the testimony of *Neff*, &c. The record shows that *Peleg Caswell*, one of the witnesses named in the affidavit, testified on the trial.

The grounds for a new trial are alleged to be insufficient—1. Because *Caswell* had been sworn and examined as a witness on the trial. 2. Because there was a failure to produce, or account for the absence of, the affidavits of *Caswell* and *Campbell*, that they would swear to the matter set forth in the plaintiff's affidavit.

These grounds have been adjudged sufficient to sustain a refusal to grant a new trial. But we have decided that this Court "will more readily control the discretion of the Court below in refusing a new trial than in granting it, because the refusal operates as a final adjudication of the rights of the parties; * * * that the granting of a new trial is a question of sound discretion, which will not be disturbed, * * unless a flagrant case of injustice is made to appear." *Nagle* v. *Hornberger*, 6 Ind. R. 69 (1). Such a case does not appear in the record before us.

The second verdict being for 144 dollars, the plaintiff was entitled to a judgment for costs. The ruling of the Common Pleas must be sustained.

*Per Curiam.*—The judgment is affirmed, with 5 per cent. damages and costs.

May Term, 1857.

*H. W. Chase, J. A. Wilstach* and *J. M. La Rue,* for the appellant.

*W. C. Wilson,* for the appellee.

· (1)  *Oliver* v. *Pace,* 6 Georgia R. 185, and *Powers* v. *Bridges,* 1 Greene 235, were cited in that case.  See, also, *Powell* v. *Grimes,* 8 Ind. R. 252.