No. 7369.

## LEARY *v.* EBERT ET AL.

SUPREME COURT.—*Power to Reverse Judgment for Error in Granting New Trial.*—The Supreme Court has the power to reverse a judgment of the trial court for error committed in granting a new trial, but it should never be exercised unless the record clearly shows that the action of the court, in granting such new trial, has resulted in manifest injustice to the complaining party.

SAME.—*Weight of Evidence.*—The Supreme Court will not disturb a verdict on the mere weight of the evidence.

SAME.—*Brief.—Waiver.—Practice.*—Questions not discussed in the brief of counsel are regarded as waived in the Supreme Court.

PRACTICE.—*New Trial.—Supreme Court.*—The Supreme Court will not consider any alleged error of law, occurring at the trial, nor decide any question thereby presented, unless it appears that such supposed error was assigned as a cause in the motion for a new trial.

From the Hendricks Circuit Court.

*E. G. Hogate* and *R. B. Blake*, for appellant.
*A. L. Roache* and *E. H. Lamme*, for appellees.

HOWK, J.—This suit was commenced by the appellees against the appellant, in the Marion Superior Court, to recover an amount alleged to be due them in the erection of

a house on a certain lot, in the city of Indianapolis, and to enforce a mechanic's lien thereon. The venue of the cause having been changed to the Hendricks Circuit Court, it was there tried by a jury, and a verdict was returned for the defendant below, the appellant in this court. On the appellees' motion this verdict was set aside, and a new trial was granted, to which decision of the court the appellant excepted.

Afterward, the cause was again tried by a jury, and a verdict was returned for the appellees, assessing their damages in the sum of twelve hundred and fifty dollars; and the court rendered judgment on the verdict for the appellees, and for the enforcement of their lien, as mechanics, on the appellant's property. The appellant's motion for a new trial having been overruled, and his exception duly saved to this ruling, he appealed from the judgment rendered to this court.

In this court the appellant has assigned as errors the following decisions of the circuit court:

1. In granting the appellees a new trial at its March term, 1878; and,

2. In overruling the appellant's motion for a new trial, at its June term, 1878.

The appellant's counsel very earnestly insist that the circuit court erred in granting the appellees a new trial of this cause, at the March term, 1878, of the court, and they ask us to reverse the judgment below on account of that error. This court has the power, no doubt, to reverse a judgment of the trial court for an error committed in granting a new trial; but the power is one which, we think, should never be exercised unless the record clearly shows that the action of the court, in granting a new trial, has resulted in manifest injustice to the complaining party. In the case of *Powell* v. *Grimes*, 8 Ind. 252, the court said: "This court would very reluctantly set aside the granting of a new trial.

Perhaps a case might occur in which it would do it; but where the court below conducting the trial, is not satisfied with its fairness, we should be slow to differ with it." In *Nagle* v. *Hornberger*, 6 Ind. 69, this court quoted, with approval, this statement of the law, applicable to the point under consideration: " 'That the granting of a new trial by the circuit court is a question of sound discretion, which will not be disturbed in an appellate court, unless a flagrant case of injustice is made to appear.' *Powers* v. *Bridges*, 1 Greene, 235." See, also, *Leppar* v. *Enderton*, 9 Ind. 353; *Cronk* v. *Cole*, 10 Ind. 485, and *Hust* v. *Conn*, 12 Ind. 257. In the case at bar, we can not say from the record before us that the action of the court, in granting the appellees a new trial, worked any injustice to the appellant; and therefore we must decline to reverse the judgment below, on account of the first alleged error:

The causes for a new trial assigned by the appellant in his motion therefor, at the June term, 1878, of the court, were as follows:

"1st. Because the verdict of the jury is contrary to law, and is not sustained by sufficient evidence.

"2d. Because of error of law occurring at the trial of said cause, in this, to wit: that the court allowed the plaintiffs to give a copy of the contract sued on in evidence, without showing a sufficient legal excuse for not offering the original contract, which copy was given in evidence over the objection of the defendant."

The appellant's counsel concede, in argument, that the evidence in the record would as well support a verdict in favor of the appellees, as in favor of the appellant. In such a case, this court has often decided that it would not disturb the verdict, on the weight of the evidence.

The second cause assigned for a new trial is not even alluded to by the appellant's counsel in their brief of this case. Under the settled practice of this court, the questions

presented by this supposed cause for a new trial must be regarded as waived. The appellant's counsel have elaborately discussed in argument an alleged error of law, occurring at the trial, in the admission in evidence of a certified copy of the appellees' notice of their intention to hold a lien, filed and recorded in the recorder's office of Marion county. The record shows, that the appellant objected and excepted to the admission in evidence of the certified copy of the notice of lien ; but he failed to assign this supposed error of law, occurring at the trial, as a cause for a new trial, in his motion therefor addressed to the circuit court. There is no rule of practice in this court better settled or on a firmer foundation, as it seems to us, than this, that this court will not consider any alleged error of law, occurring at the trial, nor decide any question thereby presented, unless it appears that such supposed error of law was assigned as a cause for a new trial, in a motion therefor addressed to the trial court. The appellant's motion for a new trial was correctly overruled. We find no error in the record which would authorize a reversal of the judgment.

The judgment is affirmed, at the appellant's costs, with ten per centum damages.

Petition for a rehearing overruled.