## HAFFIELD *v.* PAIN ET AL.

[No. 2,085.   Filed April 2, 1897.]

APPEAL AND ERROR.—*Special Verdict.— When General Assessment of Damages Controls.—Insurance.*—Where the jury in an action on a fire insurance policy returned a special verdict in which a description of the property destroyed was set out, together with the value of a portion of it, and also returned therewith a general assessment of damages, a judgment for the amount of the general assessment of damages will be affirmed on appeal by plaintiff where the special verdict is insufficient to authorize a judgment for as large an amount as the general assessment. ˙

From the Marion Superior Court.   *Affirmed.*

*W. V. Rooker* and *W. D. Bynum,* for appellant.

*R. O. Hawkins* and *H. E. Smith,* for appellees.

ROBINSON, J.—The only question presented by this appeal is whether a general assessment of damages, or special answers to interrogatories shall control. The action was brought by appellant to recover damages for loss of property by fire. The jury returned a special verdict in which the property destroyed was set out, together with the value of a portion of it; and with the verdict the jury also returned what appellant's counsel term a general assessment of the damages sustained by appellant. In this general assessment the jury placed appellant's damages at $394.30.

The special verdict law of 1895 requires that the verdict shall be in the form of interrogatories, so framed that the jury will be required to find one single fact in answer to each interrogatory. There is nothing in the act which prevents the jury from making a general assessment of the damages, but in such case the general assessment must correspond with the

special answers, and if it does not, the special answers will control. We do not understand that what is termed a general assessment in this case, is a general verdict.

The authorities cited by appellant's counsel are all to the effect that if a special verdict is returned and with it the jury returns a general verdict, the special verdict will control. The doctrine declared by these cases is well settled; but in the case at bar there was no general verdict, but simply what is termed a general assessment of appellant's damages in a gross sum after the jury had set out specifically some of the particular items of damage.

At the proper time, appellant filed his motion for judgment in his favor on the special verdict for five hundred and twelve dollars. The record shows that this motion was sustained "but with this qualification: that the court sustains said motion only as to the amount of three hundred and ninety-four dollars, and not as to five hundred and twelve dollars; the said ruling of the court being for the reason that the general assessment of damages made by the jury in their special verdict herein controls the special verdict as to the worth and value of the several articles of property of said Haffield, destroyed." To this ruling an exception was properly saved.

The verdict sets out different items of personal property belonging to appellant, which were destroyed, and the value of these several items.

The property destroyed consisted of a barn upon which appellant held a lease, and which he was occupying at the time it was destroyed; and also certain other property consisting of hay and certain farming implements, which were in the barn at the time of the fire.

The verdict states that appellant was the lessee of

the barn destroyed, and that his lease would expire March 1, 1897; that the annual value of the lease to the appellant on September 21, 1894, prior to the fire, was one hundred dollars, and that the fair cash rental value of the barn was eight dollars and thirty-three and one-third cents per month. As is said by appellees in their brief, the above is all the finding of the jury upon the subject of the lease held upon the barn and its value.

Appellant's counsel contend that appellant's damage by reason of the destruction of the barn alone was $244.21, which would be the rent at eight and one-third dollars per month for the time the lease had to run after the fire and until its expiration. In making up the amount for which judgment was rendered, the jury necessarily allowed appellant something for the destruction of his leasehold, but it is evident the amount appellant claims should be allowed was not allowed. It is evident, also, that the measure of damages for the destruction of the leasehold estate would not be the amount claimed by appellant. It is not possible to determine from the verdict what damage appellant did suffer by reason of the destruction of the leasehold. It does appear that when the verdict was read, appellant asked that the jury be required to return again and reassess the damages so that the general assessment would correspond with the special answers, but we find no motion in the record whereby appellant sought to have that part of the verdict in reference to the leasehold estate made definite and certain.

As we view the special verdict, had the trial court disregarded this general assessment of damages it would necessarily have given judgment in an amount less than was given.

Whether there was any evidence showing the pres-

ent worth of the leasehold estate we cannot say, but it is evident that the present worth cannot be determined from the special answers alone.

We do not decide whether what is termed the general assessment of damages is, or is not properly a part of the special verdict, for whether it is, or is not a part of the verdict there is no error of which appellant can complain.

Judgment affirmed.

BLACK, J., took no part in the decision of this case.