## COLE v. POWELL.

[No. 2,214.    Filed April 22, 1897.]

SPECIAL VERDICT.—*Assessment of Damages.*—*Statutes Construed.*— *Slander.*—In an action for slander where a special verdict has been returned by the jury, under the act of March 11, 1895, it is proper for the jury to assess the damages in the alternative form based upon the facts found, as the said act of March 11, 1895, should be construed with section 557, Burns' R. S. 1894, which provides that, "In actions for the recovery of money the jury must assess the amount of recovery."

From the Howard Circuit Court.    *Affirmed.*

*Waugh, Kemp & Waugh, Fippen & Purvis* and *Moon & Wolf,* for appellant.

*R. B. Beauchamp, W. W. Mount, J. C. Blacklidge* and *C. C. Shirley,* for appellee.

COMSTOCK, C. J.—Appellee, who was the plaintiff below, recovered judgment for five hundred dollars in an action for slander against appellant. The slanderous words imputed to appellant made a charge of forgery against appellee.

A special verdict was returned by the jury under the act of March 11, 1895 (Acts 1895, p. 248). Appellant and appellee each filed a motion for judgment on the special verdict. The court sustained appellee's motion and overruled appellant's motion; to which ruling appellant excepted. These rulings are assigned as the only errors.

Appellant insists that these rulings were erroneous "for the reason that the jury have nowhere found in the special verdict returned by them. in answer to an interrogatory propounded, the amount of damages

sustained by appellee by the alleged utterance of the slanderous words charged in the complaint."

The jury found that the slanderous words imputed to the defendant were spoken by him maliciously; that they were false, and were known by the defendant to be false when he uttered them, and conclude with the usual formula, "If upon the foregoing facts the law is with the plaintiff we find for the plaintiff and assess his damages at the sum of five hundred dollars; if the law is with the defendant, we find for the defendant. J. T. Melton, Foreman."

Appellant contends that under the act of March 11, 1895; Acts 1895, p. 248 (section 546, Horner's R. S. 1896;) such formal conclusions have no legal place in a special verdict. Said section reads as follows: "That in all cases tried by the jury, the court shall, at the request of either party, in writing, made before the introduction of any evidence, direct such jury to return a special verdict upon any or all the issues of such case. Such special verdict shall be prepared by the counsel on either side of such cause and submitted to the court, and be subject to change and modifications of the court. The same shall be in the form of interrogatories so framed that the jury will be required to find one single fact in answering each of such interrogatories; the jury, on retiring, shall take all the pleadings in the case, including the instructions of the court, if in writing, and the interrogatories as approved by the court, and shall answer each of the interrogatories submitted to them."

It has been held, under this act, that the court submitting to the jury the interrogatories thus prepared may modify those prepared and frame additional interrogatories when necessary to elicit facts material to a proper finding of the facts in the case. *Hammond, etc.,*

*R. W. Co.* v. *Spyzchalski, ante* 7; *Bower* v. *Bower,* 146 Ind. 393.

Said section is an amendment of section 555 of Burns' R. S. of 1894. Under the section as amended, as well as by the terms of the original section, the jury were required to find specially, upon a proper request, the facts involved within the issues.

What under the old law would have been stated in narrative form, under the amended act should be given in answer to an interrogatory. The section in question should be construed in connection with section 557, Burns' R. S. 1894 (548, R. S. 1881), of the same act, reading as follows: "In actions for the recovery of money, the jury must assess the amount of the recovery."

"The assessment of damages has always been peculiarly within the province of a jury." *Wainright* v. *Burroughs,* 1 Ind. App. 393; *Thames, etc., Trust Co.* v. *Beville,* 100 Ind. 309; *Gaff* v. *Hutchinson,* 38 Ind. 341.

Under section 557 (548), *supra,* it has been uniformly held that even if there was no formal assessment of damages, yet if the facts found were sufficient to enable the court, by mathematical calculation, to determine the intention of the jury as to the amount of the recovery, judgment might be entered. *Plano Mfg. Co.* v. *Kesler,* 15 Ind. App. 110; *Johnson* v. *Bucklen,* 9 Ind. App. 154; *Hoppes* v. *Chapin,* 15 Ind. App 258.

In *Bransom* v. *Studabaker,* 133 Ind. 147, there was a special verdict, in which it seems there was no statement of a fact that plaintiff was damaged in a certain amount. The court, by Elliott, J., says: "We do not doubt the correctness of appellant's position that where damages only are recoverable the damages must be stated, or such facts stated as leave nothing for the court to do except to make a mere mathemat-

ical computation; but the basis of fact essential to the support of the appellant's position is entirely wanting, inasmuch as the special verdict does assess the damages. It is true that the assessment is in the alternative; this is, however, the usual and appropriate method of stating the assessment in special verdicts."

It has been the practice, under the old form of verdicts, for the jury to make the assessment of damages in the alternative form.

In slander, if the words are actionable of themselves, the plaintiff is not bound to show by proof that he has sustained actual damages. *Yeates* v. *Reed,* 4 Blackf. 463, 32 Am. Dec. 43.

If the plaintiff is not required to prove actual damage, the jury should not be required, before assessing a penalty, to find the amount of damages in dollars and cents.

After having found all the facts entitling appellee [plaintiff below] to a verdict, the jury proceeded to assess his damages. The jury made an assessment, which it was their province to make according to a formula submitted to them by the court, to which appellant did not except.

We would not be understood as holding that a jury might make an assessment without a finding of facts on which such assessment could be fairly based.

It being the duty of the jury to assess damages, it was the duty of the court to see that they discharged this duty. In this case, the assessment is made in the alternative form.

In *Bower* v. *Bower, supra,* a case in which a special verdict was returned under the act in question, the appellant contended that it was insufficient for the reason that it did not conclude with the usual formula: "If, upon the facts found, the law is with the plaintiff," etc. The court, by Jordan, C. J., said:

"While it is the proper practice for a special verdict to contain a formal conclusion substantially as the one insisted upon by counsel, still the absence of such a conclusion will not vitiate a special verdict, which in other respects is sufficient.

Thus, the formula submitted by the court and adopted by the jury is approved by at least two decisions of our Supreme Court. The facts warranting the assessment are all found, and it not appearing that the appellant was prejudiced by the form in which such assessment was made, we think that it should be sustained.

It is the settled policy of the courts to give effect to the verdict of a jury without reference to its form whenever it can be done without doing violence to the law. *Daniels* v. *McGinnis*, 97 Ind. 549; *Thayer* v. *Burger*, 100 Ind. 262; *Crow* v. *Carver*, 133 Ind. 260; *Clark* v. *Clark*, 132 Ind. 25; *Balue* v. *Taylor*, 136 Ind. 368; *Purner* v. *Koontz*, 138 Ind. 252; *Louisville, etc.*, *R. W. Co.* v. *Lucas*, 109 Ind. 583, 6 L. R. A. 193; *Evansville, etc.*, *R. R. Co.* v. *Taft*, 2 Ind. App. 237.

We conclude that the court did not err in the rulings of which appellant complains.

Judgment affirmed.