Carthage Turnpike Company *v.* Overman.

---

CARTHAGE TURNPIKE COMPANY *v.* OVERMAN.

[No. 2,173.    Filed Dec. 16, 1897.    Rehearing denied Feb. 18, 1898.]

VENIRE DE NOVO.—*When the Proper Motion.*—A motion for a *venire de novo* is the proper motion when a special verdict has been returned which is so ambiguous or uncertain that judgment cannot be pronounced upon it. *p. 310.*

APPEAL AND ERROR.—*Appearance After Motion for Venire de Novo is Sustained.*—Where exception is duly taken to the action of the court in sustaining a motion for a *venire de novo*, the appearance of the party so excepting, on the second trial, does not waive his objection to such action of the court. *p. 311.*

SPECIAL VERDICT.—*Motion for Judgment On not Necessary.*—A formal motion for judgment on a special verdict is not necessary, as it is the duty of the court when a special verdict has been returned by the jury to pronounce judgment in favor of the party shown by the verdict to be entitled thereto. *p. 311.*

SAME.—*Ambiguous Verdict.*— A special verdict finding, as to the amount of damages to be returned, the following : "Int. 51. How much damage has the plaintiff sustained by reason of her said injury? Ans. Fifteen dollars. Int. 87. What amount of money was expended by the plaintiff for medical care and medicines? Ans. Fifteen dollars," and concluding, "If on the foregoing facts the law is with the plaintiff, we, the jury, find for the plaintiff and assess

her damages at $275.00," is ambiguous, and a motion for a *venire de novo* is properly sustained. *pp. 313, 314.*

From the Hancock Circuit Court. *Affirmed.*

*E. Marsh, W. W. Cook* and *H. E. Barrett,* for appellant.

*R. A. Black* and *L. P. Newby,* for appellee.

ROBINSON, C. J.—Appellee sued appellant to recover damages for personal injuries.    At the first trial of the cause the jury disagreed and was discharged without having reached a verdict.    At the second trial the jury returned a special verdict under the act of March 11, 1895, and the court sustained appellee's motion for a *venire de novo* because of ambiguity and uncertainty in the special verdict, to which appellant excepted.    The third trial resulted in a special verdict in appellee's favor upon which the court rendered judgment over appellant's motion for a new trial.

Numerous alleged errors have been assigned, but the only one discussed by counsel is that the court erred in sustaining appellee's motion for a *venire de novo.*

A motion for a *venire de novo* is the proper motion when a special verdict has been returned which is so ambiguous or uncertain that judgment cannot be pronounced upon it.    Such a motion simply reaches defects apparent on the face of the record.    While its office cannot be supplied by a motion for a new trial, yet the sustaining of a motion for a *venire de novo* is as far reaching in its effect as sustaining a motion for a new trial.    In either case the issues are to be submitted to another jury for trial.    When the motion for a *venire de novo* was sustained, the court by such ruling said that appellee was not entitled to a judgment against appellant upon the verdict returned by the jury.

It has been held that, "the Supreme Court will always more readily control the discretion of the court below in refusing a new trial than in granting it, because the refusal operates as a final adjudication of the rights of the parties; * * * that the granting of a new trial by the circuit court is a question of sound discretion, which will not be disturbed in an appellate court, unless a flagrant case of injustice is made to appear." *Nagle* v. *Hornberger*, 6 Ind. 69; *Leppar* v. *Enderton*, 9 Ind. 353.

However, the discretion vested in and exercised by a court in granting a new trial cannot be said to exist in pronouncing or refusing to pronounce judgment upon a special verdict under the act of 1895. If the verdict upon its face shows that one of the parties is entitled to a judgment, the discretionary power of the court to sustain a motion for a *venire de novo* is reduced to the minimum, if in fact it exists at all. Sustaining such a motion is error if it can be said from the verdict that either party is entitled to judgment, and such error may be presented for review after the close of the subsequent trial.

At the time the motion for a *venire de novo* was sustained the appellant objected and reserved an exception, and, having done this, nothing was waived by appellant in appearing to the case at the subsequent trial. *Gann* v. *Worman*, 69 Ind. 458.

Although it is the usual practice to make a formal motion for judgment on a special verdict, such motion is not absolutely necessary, for when a special verdict has been returned by a jury it is the duty of the court to pronounce judgment in favor of the party shown by the verdict to be entitled to it.

On the second trial the jury found in answer to certain interrogatories that appellee since the injury had been unable to perform the ordinary duties of house-

keeping; that she had suffered a permanent injury of the left thumb; that the thumb and finger of the left hand were bruised and wounded by the injury received; that she had suffered great pain by the injury; that she had incurred expense for medical treatment. Had the jury concluded this with the usual formula which was used, the court could have rendered judgment for the amount named in such closing part of the verdict. It would have been clear that the appellee was entitled to damages in some amount, and the court could have accepted the sum named in such closing part of the verdict as the amount the jury intended to assess, and rendered judgment accordingly. *Cole* v. *Powell*, 17 Ind. App. 438.

The act of March 11, 1895, was an amendment of section 555, Burns' R. S. 1894. Under the law before the amendment it was held that the assessment of damages might be in the alternative, and that this was the usual and appropriate method of stating the assessment in special verdicts. *Branson* v. *Studabaker*, 133 Ind. 147.

Under the law prior to the amendment it was held that if the facts found were sufficient to enable the court, by mathematical calculation, to determine the intention of the jury as to the amount of the recovery, judgment might be entered. If effect can be given to the verdict of a jury it should be done without reference to its form, if by so doing no violence is done to the law. *Cole* v. *Powell, supra*, and cases cited. The act of March 11, 1895, was not intended in any way to change or modify this salutary rule, and where facts are found in answer to interrogatories which show a right of recovery in some amount and the amount is fixed only in the formal conclusion of the verdict, a motion for a *venire de novo* would be properly overruled.

In the case at bar the only direct finding the jury made on the subject of the amount of damages was in the following: "Int. 51. How much damage has the plaintiff sustained by reason of her said injury? Ans. Fifteen dollars. Int. 87. What amount of money was expended by the plaintiff for medical care and medicines? Ans. Fifteen dollars." The jury then concluded the special verdict as follows: "If on the foregoing facts the law is with the plaintiff, we the jury find for the plaintiff and assess her damages at $275.00."

It is argued that the closing part of the verdict was a general verdict, and that it should have been disregarded by the court as it was not properly a part of the special verdict, and that the court should have rendered judgment on the special verdict for fifteen dollars. Counsel cite the cases of *Taylor* v. *Lehman*, 17 Ind. App. 585, and *Haffield* v. *Pain*, 17 Ind. App. 347, in support of this view.

In the case of *Taylor* v. *Lehman, supra,* the jury found by the special verdict that the defendant should have damages in the sum of $267.50, if the law was with him; and then by a general verdict found for the defendant and assessed his damages at $190.00. The general verdict in that case was not the usual closing of a special verdict, but was simply a general verdict for a named sum without reference to the special verdict, and it was held that it should be disregarded. In *Haffield* v. *Pain, supra,* the jury returned a special verdict, and with the verdict was returned what counsel termed a general assessment. It was not decided in that case whether this general assessment was or was not a part of the special verdict for the reason that whether it was or was not a part of the verdict there was no error of which appellant could complain.

Upon no construction of the verdict in the case at bar could the court have rendered judgment for fifteen dollars as contended by appellant. This would be ignoring facts expressly found by the jury which were proper to be considered in determining the damages. It is evident the jury intended to assess the damages in a sum larger than as claimed by appellant, but it is not possible to say from the verdict what that amount was. The verdict on its face is ambiguous, and the motion for a *venire de novo* was properly sustained. Judgment affirmed.

Black, J., and Henley, J., took no part in this decision.