RAU, SURVIVING PARTNER, v. BALL BROTHERS GLASS MANUFACTURING COMPANY.

[No. 2,557. Filed November 16, 1898.]

SPECIAL VERDICT.—*When it Cures a Defective Complaint.*—A special verdict will cure a defective averment in a complaint unless the defect consists in the entire omission of a necessary averment. *p. 148.*

SAME.—*Sufficiency of in Action for Damages for Failure to Deliver Goods as per Contract.*—A special verdict in an action for damages resulting from an alleged failure to manufacture and deliver a certain number of glass jars in compliance with a certain contract showed that the jars were to be delivered upon written specifications on or before a specified date; that the specifications were not furnished for all the jars, and all were not delivered, within the time agreed upon; that, after the expiration of the time specified for the delivery of the jars, a less number of jars was delivered than called for by the specifications furnished, and such smaller number was received without objection; and that afterwards the time for delivery of the remainder was extended by agreement, and acted upon; that after the extension of time for delivery all jars were delivered at such times and in such quantities as directed, and for which specifications were furnished, but that the whole number thus delivered did not amount to the number contracted for. *Held,* that the facts found were not sufficient to authorize a judgment for damages. *pp. 148-151.*

SPECIAL VERDICT.—*Conclusion Fixing Damages Not a Finding.*— The formal conclusion of a special verdict fixing the amount of damages is not to be regarded as a finding and cannot be considered by the court in determining whether the law on the facts found is with the plaintiff or defendant. *pp. 151, 152.*

From the Grant Circuit Court. *Reversed.*

*H. J. Paulus* and *Charles T. Parker*, for appellant. *Austin DeWolf*, for appellee.

ROBINSON, J.—This is an appeal from a judgment of the Grant Circuit Court rendered in an action by appellee against appellant to recover damages resulting from an alleged failure on the part of appellant to deliver to appellee certain personal property to be manufactured by appellant and delivered by a named date. There was a special verdict and the sufficiency of the complaint is questioned for the first time in this court. Even where a demurrer has been filed and overruled, a special verdict will cure a defective averment, but it will not cure a defect consisting of the entire omission of a necessary averment. *Jones* v. *Casler*, 139 Ind. 382; *Western Assurance Co.* v. *Koontz*, 17 Ind. App. 54; *Rhodes* v. *Hilligoss*, 16 Ind. App. 478; *Western Assurance Co.* v. *McCarty*, 18 Ind. App. 449.

It is not claimed by appellant's counsel that there is the omission of a necessary averment, but that it is not sufficiently averred that appellee performed all the conditions required by the contract. The pleading avers that all the conditions of the contract were fulfilled and although the averment may be defective, under the above rulings, it is sufficient.

The special verdict shows that between the 16th and 22nd day of April, 1891, appellant agreed in writing to sell and deliver on cars at Fairmount, Ind., 950 gross of standard quart fruit jars at $4.50 per gross, and 400 gross half-gallon jars at $6.35 per gross. The contract originally provided for the delivery on or before August 1, 1891. The jars were to be delivered upon written specifications by appellee, stating number and size. Specifications were not delivered to appellant for all said jars prior to August 1, 1891. No jars were due appellee under contract for which it had furnished specifications on September 16, 1891. There was not due appellee under the contract on Sep-

Rau *v.* Ball Bros., etc., Co.

tember 16, 1891, more than one carload of jars. On the 19th day of September, 1891, appellant upon order of appellee loaded a car with jars, and billed the same to Cincinnati parties. Appellant then had no specifications from appellee not filled. On August 15, 1891, appellee, by letter, extended the time for the delivery of the remainder of jars necessary by the contract. That said time was extended to the making of the first jars by appellant in September following. Appellant delivered the first jars made by him in September, 1891, for which they had specifications. Appellee received jars from appellant from June 20 to September 19, 1891. On August 6th appellee received from appellant under the contract a less number of jars than named in specifications, without objection on appellee's part, saying appellee would fill remainder of such specifications from jars it had at Muncie. Not including order of August 6th, appellant had no specifications for jars from appellee from August 1, 1891, to September 11, 1891. Appellant was delayed in filling specifications of September 11th until September 19th by reason of a change made by appellee on September 16th in the specifications of September 11th. Appellant delivered 862 gross quart jars and 324 gross half-gallon jars between April 15, 1891, and October 1, 1891. Quart and half-gallon jars could not be purchased in Fairmount in carload lots on August 1st. The price of such goods in market nearest Fairmount, August 1st, in carload lots, was $8 per gross for quart, and $11 per gross for half-gallon jars. Prior to August 1, 1891, appellant notified appellee of its inability to furnish entire amount named in contract. Appellee agreed to accept jars of appellant to be delivered on the contract after August 1st. At no time between April 16th and August 1st, had appellant enough jars to fill the con-

tract. On August 1st, appellant had less than a car-load of jars on hand. Between August 1st and September 25th appellant made two or more carloads of quart jars. After September 25th appellant did not notify appellee of its readiness to deliver any jars. The jars shipped to Cincinnati parties were received too late for the then market, and were afterwards returned to appellee. The market price of those jars on the day they were loaded at Fairmount was $8 per gross. Interrog. 26. "If the jars were not delivered by the Fairmount Glass Works to the plaintiff by August 1, 1891, what amount of damage was sustained, by the plaintiff as the direct result of such non-delivery? Answer. None." The special verdict concludes: "If, upon the foregoing facts, the law is with the plaintiff, we find for the plaintiff and assess his damages at six hundred and fifty-two dollars."

If appellee is entitled to any damages, it must be by reason of the default of appellant to furnish jars after August 1st; for it is expressly found that no damage resulted by reason of the failure to deliver the jars by August 1st. The parties had the right to extend the time within which the contract should be filled, and this the verdict shows was done. The verdict shows not only that there was an agreement to extend the time, but that both parties afterwards acted upon this agreement. The time was extended until the making of the first jars, in September. But, even then, appellant was only to furnish such jars for which appellee had given specifications. And the verdict expressly finds that when jars were made in September appellant furnished and shipped under the contract all jars for which specifications and directions had been given by appellee. And it further appears from the verdict that appellant at no time failed to furnish and deliver to appellee jars at such times and in

such quantities as directed, and for which specifications were furnished by appellee. It is true that on August 6th appellant furnished a less number of jars than named in the specifications, but this number was received under the contract, and without objection, and with the statement by appellee that it would fill the remainder of the specifications from jars appellee had. It is also true that an order given September 11, was not filled until September 19, but this delay was by reason of a change made by appellee on the 16th of September in the specifications.

The original contract provided for the delivery of the goods by August 1st. The old contract remained in force after that date, except as to the time for the delivery of the goods. The respective duties of the parties under the contract, as extended, were not different from those under the contract before the extension. It still remained the duty of appellee to place specifications for jars when wanted, and it was the duty of appellant to furnish jars only upon specifications. The burden was upon appellee to show a failure on appellant's part to comply with this contract as extended, and this the verdict fails to do. It appears appellant did furnish all goods for which specifications were given, and so far as the verdict goes appellant may have been ready to furnish all the remainder of the goods at any time under the contract as extended.

The formal conclusion of the verdict fixing the amount of the damages, is inconsistent with the finding that no damages were sustained by reason of the failure to deliver the goods by August 1, and it has been held that such a conclusion is not to be regarded as a finding, and cannot be considered by the court in determining whether the law on the facts found is with the plaintiff or defendant. See *Helwig*

v. *Beckner*, 149 Ind. 131; *Carthage Turnpike Co.* v. *Overman*, 19 Ind. App. 309. Taking the special verdict as a whole, we can but conclude that it fails to find facts entitling appellee to damages, and that the court erred in sustaining appellee's motion for judgment. Judgment reversed, with instructions to render judgment in appellant's favor on the special verdict.