WESTPHAL, HINDS & CO. v. CLARK ET AL.

1. **Practice**: OPENING OF DEFAULT. The opening of a default is a matter resting largely within the discretion of the court; and it requires a stronger showing that such discretion has been improperly exercised when the right to a trial has been granted than when it has been denied.

2. ———: GARNISHMENT: FAILURE OF GARNISHEE TO APPEAR. The sickness of a garnishee was held to justify a failure to appear and answer and to constitute sufficient ground for vacating a default and setting aside a judgment which had been rendered against him.

*Appeal from Dubuque Circuit Court.*

THURSDAY, JUNE 14.

PLAINTIFFS commenced an action in the court below against David Clark. There was an attachment issued. J. F. Brown, appellee herein, was served with a notice of garnishment. The service of this notice was had in Bremer county, the place of Brown's residence. The notice required Brown to appear at the next term of the Circuit Court for Dubuque county. At the next term the place of trial was changed to

the Buchanan county Circuit Court. Before the order was made changing the place of trial a referee was appointed to take the answer of Brown as garnishee. Notice was served upon Brown to appear and answer before the referee at Dubuque, a distance of one hundred and twenty miles from his home. The necessary amount of money for attendance and mileage was tendered to him, which he refused to accept. He did not appear before the referee. A report of his failure to appear was made to the court, and plaintiffs moved for a default and judgment against him in the Dubuque Circuit Court. The motion was overruled.. An appeal was taken to this court from the ruling on said motion, and the cause was reversed and remanded. See 42 Iowa, 371. The court below, on the 27th day of April, 1876, entered a default and judgment against Brown as garnishee, the *procedendo* having been filed before that time. On the 9th day of August, 1876, said Brown was served with a notice to show cause why an execution should not issue on the judgment. On the 11th day of September, Brown appeared and filed an answer and cross-petition, setting forth in detail his reasons why execution should not issue, and moved the court that upon the showing therein made the default against him be set aside. The motion having been submitted to the court, an order was made that the default be set aside and the cause set down for hearing on the answer of the garnishee. From this order plaintiffs appeal.

*Louis Fockler*, for appellants.

*Boies, Allen & Couch*, for appellee.

ROTHROCK, J.—I.   After the reversal of the cause by this court, counsel for appellee wrote counsel for appellant requesting him to write to them upon the receipt of the *procedendo* before taking further steps in the court below, as they desired to appear and answer before the referee, or to make a motion for leave to do so. The letter was answered. The answer has been lost or mislaid. Counsel for appellant, in an affidavit filed in the case, says: "I understood, from the letter referred

to, that I was to take no further steps in the case without notifying them; that I was to take no advantage of them—and in writing my letter to them this is all I intended to consent to and all I understood they required." He further states that the notice to show cause why execution should not issue gave appellee all the notice necessary to protect his rights. Counsel for the respective parties reside one hundred miles from each other.

Under these circumstances we think the case should be considered as though appellee had appeared upon the filing of the *procedendo*, and made this showing for leave to answer as garnishee. Indeed, we do not understand from the argument of counsel for appellant that it is claimed that the formal entry of judgment concludes appellee. The argument is mainly based on the rights of plaintiffs because of appellee's failure to appear before the referee and answer in obedience to the notice.

II. It is conceded in argument that the opening of a default is a matter largely within the legal discretion of the court, and that this discretion should not be interfered with upon appeal, excepting in cases where it is clearly shown that such discretion has been improperly exercised. Most of the cases where it has been held that this discretion has been abused are where the motions to set aside defaults have been refused. The rulings have, therefore, generally been favorable to allowing a trial upon the merits, where there has been a reasonable excuse shown for the default. And as there never should be an objection to a fair trial upon the merits to those who are reasonably diligent, it should require a stronger case for an appellate court to interfere when a right to such trial has been given than where it has been denied.

1. PRACTICE: opening of default.

III. The showing in this case, it seems to us, was sufficient to warrant the court in setting aside the default. We need not set out such showing. The excuse was that appellee was unable to make the journey and give his answer before the referee, by reason of sickness, on the day named in the notice. We do not think

2. ——: garnishment: failure of garnishee to appear.

that the statement that he was also advised by his attorneys that it was not necessary that he should appear should be conclusive against him. This seems merely to be stated as an additional reason why he did not make the journey.

IV. The answer which appellee has filed is voluminous. Without passing upon its sufficiency, it is enough to say that permission having been given to answer, we do not think the answer shows upon its face that appellee was indebted to David Clark at the time of the service of notice of garnishment, so that appellants can take judgment upon the answer. We think the order of the court vacating the default and setting the case down for hearing upon the answer was not erroneous. The same will be affirmed, with leave to appellants to take such action upon the answer as they may deem proper.

AFFIRMED.

ADAMS, J., having been counsel in this case, took no part in this decision.