No. 8803.

CRUSE ET AL. *v.* CUNNINGHAM ET AL.

DEFAULT.—*Setting Aside.*—*Excusable Neglect.*—*Discretion of Trial Court.*—*Practice.*—The trial court did not abuse its discretion in setting aside a defendant's default upon his uncontradicted showing, that he had a meritorious defence; that he had been informed that the cause could not be tried at that term because the judge had been counsel for some of the parties; and that when the default was taken he had left the court room in search of his co-defendant, who had conveyed to him by warranty deed the land in controversy, and had employed counsel and promised to defend his title.

WILL.—*Description of Real Estate.*—*Parol Evidence.*—In an action to recover real estate claimed under a devise by the description: "Part of the donation lot number 158, in township number 3 north, of range number 8 west, containing 200 acres," parol evidence was properly admitted to identify the land sued for with the land devised, and to show that the testator died seized of it and of no other part of donation lot No. 158.

SAME.—In such case, the devise was not void for uncertainty of description of the land.

From the Daviess Circuit Court.

*J. Baker,* for appellants.

*W. D. Bynum* and *J. W. Burton,* for appellees.

BICKNELL, C. C.—This was an action to recover the possession of the northwest half of donation lot, No. 158, in township three north, of range eight west, in the county of Daviess. There was a judgment by default against the defendant Cunningham, which was set aside by the court. One of the errors assigned in this appeal is the action of the court in that respect. The affidavit, upon which the default was set aside, showed that said defendant lived in Morgan county, eighty miles from the place where the court was held; that the default was taken on the third day of the term; that on that day said Cunningham, in the morning, reached Washington, and was then informed by some of the parties to the action, that it could not be tried that term because the judge of the court had been counsel for some of the parties; that the land in controversy had been conveyed to him by warranty deed by William Helphenstine, his co-defendant, who had promised to defend his title, and had employed counsel to defend it; that when the default was taken affiant had left the court room to go in search of Helphenstine in reference to his defence; that he fully relied on said Helphenstine to attend to said defence, and for that reason, and also because said judge had been counsel for some of the parties, and he had been informed that on that account there would be no trial at that term, was not ready; that he had a meritorious defence to the action, to wit: That he was the owner of the land in controversy. Wherefore he asked that the default be set aside and that he be permitted to plead. There was a counter affidavit, which, however, did not controvert any of the foregoing facts, but merely showed that the default was taken in the regular course of legal proceedings.

The appellant insists that, the default having been regu-

larly taken, the appellee's affidavit did not show a case of excusable negligence, under section 99 of the code, but that the failure to appear and defend was inexcusable. We think that, under the circumstances stated in the appellee's affidavit, there was some excuse for him, and that the action of the court in setting aside the default and permitting said appellee to plead was a reasonable exercise of discretion, not available as error.

It was admitted on the trial, that Joseph Cruse died seized of the land in controversy, and that the appellants were his only heirs; as such heirs they claimed the land; the appellees claimed the land under the last will of said Joseph Cruse. The land was described in said will as follows: "Part of the donation lot number 158, in township number 3 north, of range number 8 west, containing 200 acres."

The appellants claim that this description is so uncertain that the devise was void. This is the principal question in the case. In the construction of a will the object is to ascertain the testator's intention, and to that end all the provisions of the will relating to the subject under consideration must be consulted. *Lutz* v. *Lutz*, 2 Blackf. 72; *Kelly* v. *Stinson*, 8 Blackf. 387; *Jackson* v. *Hoover*, 26 Ind. 511; *Schori* v. *Stephens*, 62 Ind. 441. And parol evidence may be resorted to, to prove the testator's intention, by showing the meaning of the language he has used and the subject to which that language refers. *Grimes' Ex'rs* v. *Harmon*, 35 Ind. 198. Therefore, under a devise "of all my real estate," it may be shown what the testator's real estate was. *Dunning* v. *Vandusen*, 47 Ind. 423; *Petro* v. *Cassiday*, 13 Ind. 289. So, where the devise was "of my farm, situated in Lancaster township, and county and State aforesaid." *Lindsey* v. *Lindsey*, 45 Ind. 552. Or, "the eighty acres whereon the house and barn and most of the improvements are of the home place." *Fraizer* v. *Hassey*, 43 Ind. 310. Or, "the farm on which we now reside." *Heagy* v. *Cheesman*, 33 Ind. 96. In such cases the words of the will are not changed; the parol evidence merely identifies the subject. But

parol evidence is not admissible to alter, detract from or add to the terms of a will. *Bunnell* v. *Bunnell,* 73 Ind 163 ; *Fraim* v. *Millison,* 59 Ind. 123. Nor to correct an alleged mistake of the testator, not apparent on the face of the will. *McAlister* v. *Butterfield,* 31 Ind. 25. Nor to show that the testator, by giving legacies to certain dead persons, intended that their shares should go to their children. *Judy* v. *Williams,* 2 Ind. 449. The intention must be gathered from the will itself, and can not be gathered wholly from facts outside of the will. *Judy* v. *Williams,* 2 Ind. 449. Yet, for the purpose of determining the object of a testator's bounty, or the subject of disposition, or the quantity of interest intended to be given by his will, a court may inquire into every material fact relating to the person who claims to be interested under the will, and to the property which is claimed as the subject of disposition, and to the circumstances of the testator and his family and affairs, for the purpose of enabling the court to identify the person or thing intended by the testator, or to determine the quantity of interest he has given by his will. Wigram Wills, p. 51 ; *Stevenson* v. *Druley,* 4 Ind. 519 ; *Jackson* v. *Hoover,* *supra.* Therefore, where the description in a will was, "my land, being the south half of the northeast quarter of section 36, in township 3 south, of range 12 east," parol evidence was admitted to identify the land intended, by showing that the testator owned no land in the northeast quarter of said section, but did own the south half of the northwest quarter thereof. *Cleveland* v. *Spilman,* 25 Ind. 95.

In the case at bar, the testator had no heirs except his father and one brother. He bequeathed nearly all his real estate, including the land in controversy, to Charity Lodge No. 30, of Free and Accepted Masons, in Washington, Daviess county, for the purpose of building a Masonic lodge on certain specified lots, with power to sell all the other lots. The parol evidence, which was admitted over appellants' objection, showed that donation lot No. 158, in town three north, of range eight west, was estimated to contain about 400 acres, in

fact it contained 418 acres, of which ten acres were in the river; but it appeared that one-half of it was called 200 acres, and one-fourth of it 100 acres, and that Joseph Cruse, in his lifetime, was in possession of 200 acres of said donation lot 158, claiming to own it. Some of the witnesses said he claimed 200 acres, or, perhaps, one-half of the donation lot; one witness said Joseph never claimed more than half the lot, and the evidence showed that the half claimed by Joseph, and of which he was in possession, was the same half for the recovery of which this suit is brought, and of which said Joseph died seized, as both parties admitted on the trial. The evidence also showed that the other two quarters of said donation lot were owned by other parties.

Under the authority of the cases hereinbefore cited, the parol evidence was properly admitted, and it showed very clearly that the property devised by Joseph Cruse to Charity Lodge No. 30 was the same half of said donation lot which is sought to be recovered in this suit. The court committed no error in admitting the will in evidence, nor in admitting the parol evidence in explanation of it.

This evidence defeated the appellants' action, by showing that they had no title. It was not necessary that the defendants should show title in themselves. They undertook to do it, and offered in evidence certain deeds which were admitted over the objection of the appellants, but whether these deeds were admissible or not, it is not necessary to determine. The will, and the parol evidence in connection therewith, showed a want of title in the appellants, so that the finding is supported by sufficient evidence, and is not contrary to law. The judgment of the court below ought to be affirmed.

PER CURIAM.—It is therefore ordered, upon the foregoing opinion, that the judgment of the court below be, and it is hereby, in all things affirmed, at the costs of the appellants.