Ellis & Ellis v. Butler.

ELLIS & ELLIS v. BUTLER.

1. **Pleading:** TIME TO FILE ANSWER: MOTION PENDING TO TRANSFER TO LAW CALENDAR. Where a defendant has filed a motion to transfer the cause to the law calendar, he is not required to file his answer until the motion has been ruled on. (See Code, sec. 2516.)

2. **Appeal:** STATEMENTS OF JUDGE NOT SHOWN BY RECORD. An appellant cannot have relief in this court from the results of his negligence in the trial court, on the ground that he relied upon certain assurances of the trial judge as to the order of business in that court, unless such assurances are shown of record. They cannot be shown by the affidavit of appellant's attorney in support of a motion to set aside a judgment by default.

3. **Judgment:** DEFAULT: MOTION TO SET ASIDE: EXCUSE. An affidavit in support of a motion to set aside a judgment by default showed that defendant's attorney was called away twenty-five miles from the court on urgent and important business; that a motion to transfer the cause from the equity to the law calendar was pending; that before he left he prepared an answer, which set forth a meritorious defense to most of plaintiffs' claim; that when

Ellis & Ellis v. Butler.

he left he expected to return in the evening, when a ruling on the motion might be expected, and before the case was called for trial; that he was unavoidably detained, and was not able to reach the court until eleven o'clock of the next morning, during which the case was reached for trial, and default and judgment rendered against defendant. *Held* that the affidavit showed good faith and due diligence, and that the court should have set the judgment aside. (See Code, 2871, and cases cited in opinion.)

4. ——— : ——— : ——— : SHOWING OF MERITS. In such case the affidavit showed, as a defense to plaintiffs' demand for two hundred and fifty dollars attorney fees, that defendant consulted plaintiffs for only half an hour, but never retained nor employed them, and tendered them fifteen dollars for the consultation. *Held* that this was a showing of a meritorious defense as to all of the demand in excess of fifteen dollars.

5. ——— : ——— : ——— : AFFIDAVIT BY ATTORNEY. The fact that the affidavit in such case was made by defendant's attorney, instead of by himself, is immaterial, since it shows that he had knowledge of the matters alleged as ground of defense, and must have had special knowledge of the cause of delay in filing the answer

*Appeal from Floyd District Court.*—HON. JOHN C. SHERWIN, Judge.

FILED, OCTOBER 24, 1889.

ACTION to recover an amount alleged to be due by virtue of an agreement of settlement for services rendered by plaintiffs as attorneys. A judgment was rendered in favor of plaintiffs. Defendant appeals.

*H. J. Fitzgerald*, for appellant.

*Ellis & Ellis*, for appellees.

ROBINSON, J.—The petition alleges that plaintiffs are attorneys and counsellors, and have been engaged in the practice of their profession at Charles City for more than ten years; that about February, 1888, they were retained by defendant, and employed by him with reference to a claim he made against one Griffin, and with reference to agreements made and difficulties which might arise between him and Griffin; that it was agreed that the compensation of plaintiffs should depend upon

the amount which should be received by defendant on his claim; that plaintiffs spent a large amount of time in investigating the facts and the law of the case, pursuant to their employment, and advised defendant as to his legal rights, and as to the best methods to pursue in order to procure an advantageous settlement; that defendant followed said advice, and procured a settlement by which Griffin was to pay him one thousand dollars; that plaintiffs' services were worth two hundred and fifty dollars; that in August, 1888, they demanded that sum of defendant; that defendant objected to the amount of the claim, and that it was finally agreed in settlement that defendants should pay plaintiffs two hundred dollars for their services. On the fifteenth day of January, 1889, the petition was attacked by motion filed by defendant. The motion was heard by the court, and taken under advisement, on the morning of the seventeenth, and overruled on the morning of the nineteenth. On the twenty-first day of January, defendant filed a motion for the transfer of the cause from the equity to the law side of the calendar. That motion was heard by the court on the morning of the twenty-third, and sustained on the morning of the twenty-fourth, day of January. On the next morning the cause was reached for trial, and defendant was adjudged in default for want of an answer. The cause was tried to the court, and judgment rendered in favor of plaintiffs for two hundred and five dollars and costs. On the afternoon of the same day, defendant filed a motion to set aside the default, accompanied by an affidavit and a copy of an answer. The motion was overruled. Defendant appeals from the order overruling it, and from the judgment.

I. The affidavit was made by the attorney for defendant, and shows that on the evening of the twenty-third of January he learned that it was necessary for him to go to Elma, in Howard county, the next day, on urgent and important business; that he at once called on the judge who was holding the term, at his hotel, and informed him that it was necessary to go to Elma, as aforesaid,

Ellis & Ellis v. Butler.

requesting that he be excused from attendance at court; that he was informed by the judge that he would be protected so far as it could be done; that he had no reason to believe that the cause would be reached for trial at that term, and that the court had stated on the morning of the twenty-third of January that it would not be reached for trial at that term; that before leaving for Elma he prepared an answer, a copy of which is attached to and made a part of the affidavit; that he did not file the answer for the reason that he was awaiting a decision on the motion; that before starting for Elma he had no reason to believe that he should not return to Charles City on the evening of the twenty-fourth; that he was unavoidably detained at Elma on that evening until it was too late to reach Charles City, to which he had to drive, a distance of twenty-five miles; that he left Elma early the next morning, and arrived at Charles City at about eleven o'clock in the forenoon.

It is insisted that the affidavit does not show due diligence on the part of defendant, and does not excuse his default. It is said that the motion to transfer the cause to the law side of the calendar did not assail the petition; hence it did not suspend the necessity of pleading. See Code, secs. 2635, 2636, 2640. The motion was filed under the provisions of section 2516 of the Code. That provides that a defendant "may have the correction made by motion at or before the filing of his answer," where the wrong proceedings have been adopted. It is clear that defendant had a right to insist upon a ruling on his motion before he filed his answer; hence he was not negligent in not filing it until after that ruling was made.

1. PLEADING: time to file answer: motion pending to transfer to law calendar.

Appellant relies in part upon the alleged promise of the judge to protect him so far as he could, and upon the statement of the court that the case would not be reached for trial at that term; but we must presume that the court, in ruling on the motion, considered all matters of which it had personal knowledge, and that, so far as

2. APPEAL: statements of judge not shown by record.

such matters may not have been fully shown by the record, they tend to sustain its ruling. The court knew what it had announced in regard to the trial of this cause, and what the judge had said to the attorney for defendant; and we must conclude that nothing was so announced or said which justified defendant in believing that an answer would not be required within the time fixed by law.

But the affidavit shows that the attorney for defendant was called away from court on urgent and important 3. JUDGMENT: business; that the motion to transfer to the default: motion to set law side of the calendar had not been aside: excuse. determined; that before he left he prepared an answer, which set forth a meritorious defense to most of plaintiffs' claim; that when he left he expected to return to Charles City in the evening, when a ruling on the motion might be expected, and before the case was called for trial; that he was unavoidably detained at Elma, and in consequence was not able to reach Charles City until eleven o'clock of the morning during which the case was reached for trial, and default and judgment were entered against his client. These matters could not have been within the knowledge of the court. They show an intent to appear and defend on the merits, and we also think they show due diligence on the part of defendant to prepare and present his defense. It was within the power of the court to impose such terms upon the setting aside of the default as would have been just to defendant, and as would have protected the plaintiffs. We are of the opinion that it erred in refusing to set the default aside. See Code, sec. 2871; *Ordway v. Suchard*, 31 Iowa, 481; *Westphal v. Clark*, 46 Iowa, 264; *Jean v. Hennessy*, 74 Iowa, 349; *McNulty v. Everett*, 17 Iowa, 581; *Wishard v. McNeil*, ante, p. 40.

II. It is claimed that the affidavit of merits was not sufficient. It incorporated a copy of the answer 4. ——:——:——: which had been prepared, and stated that showing of merits. the allegations of the same were true. The answer contains a denial of all averments of the petition, not admitted, and states that defendant

consulted plaintiffs for about half an hour, but never retained or employed them in regard to the claim mentioned in the petition, nor any other; that in August, 1888, he visited their office to pay for the consultation, when they demanded of him two hundred and fifty dollars; that he promptly refused to pay that sum, and left their office, but returned a short time thereafter, and tendered them the sum of fifteen dollars, which tender was refused; that defendant has been, at all times since said tender was made, ready and willing to pay the amount of the tender. We think the answer showed a good defense as to the claim of plaintiff in excess of fifteen dollars. It not only denied the allegations of the petition so far as they were not admitted, but set out the facts of the case as claimed by defendant. If his claims are well founded, the judgment against him was excessive.

III. Appellees object that the affidavit was not made by the defendant, but by his attorney. The affidavit shows that the attorney had knowledge of the matters alleged in the answer, and that he must have had special knowledge of the cause of the delay in filing it. The affidavit was therefore sufficient. *Jean v. Hennessy*, *supra*. REVERSED.

5. ——:——:—— affidavit by attorney.