Crescent Brewing Company *v.* Cullins *et al.*

Judgment affirmed.

Filed Sept. 19, 1890.

———◆———

No. 14,409.

THE CRESCENT BREWING COMPANY *v.* CULLINS ET AL.

JUDGMENT.—*Default.*—*Relief From.*—*Excusable Neglect.*—*Sufficiency of Complaint.*—*Married Woman.*—*Defence of Suretyship.*—A complaint properly verified to set aside a default is sufficient which alleges that a judgment by default was taken against the plaintiff, a married woman, on a mortgage executed by her to secure a debt due from her step-son to the plaintiff in the original action, no part of the consideration for which the mortgage was executed having been received by her; that she employed attorneys to make the defence of suretyship for her, but that her husband being induced thereto by threats of the plaintiff in the original action, notified her attorneys that she desired them to withdraw their appearance for her which they did, and judgment was accordingly taken against her; that the husband had no authority to make such a statement, and that she had no knowledge that he had done so, or of the withdrawal of her attorneys, until after the judgment and decree were taken.

From the Rush Circuit Court.

*W. A. Cullen* and *G. W. Young,* for appellant.

*B. L. Smith, W. J. Henley, C. Cambern* and *T. J. Newkirk,* for appellees.

MITCHELL, J.—This action was instituted by Nancy Cullins against the Crescent Brewing Company of Aurora, Indiana, pursuant to the provisions of section 396, R. S. 1881, to set aside a default and to be relieved from a judgment taken against the plaintiff in favor of the defendant.

The plaintiff charges in her complaint that the brewing company had procured her to execute a mortgage on her sep-

arate real estate in the year 1886 to secure a debt due the company from her son-in-law Wolfe, she being at the time a married woman, and having received no part of the consideration upon which the mortgage was executed. It is averred that the brewing company afterwards instituted a suit in the Rush Circuit Court to foreclose the mortgage so executed, and that the plaintiff employed competent attorneys to make the defence that the mortgage was void as to her, on the ground that it was a contract of suretyship. She avers that her husband, being induced thereto by threats from the company, directed or informed her attorneys that it was her wish that they should withdraw their appearance, and allow judgment to go against her by default in favor of the company, and that her attorneys, supposing that her husband was authorized to represent her in the respect mentioned, withdrew their appearance and allowed a judgment and decree of foreclosure to be taken against her, and that she had no knowledge of the acts of her husband, or of the withdrawal of her attorneys, until after the judgment and decree were taken, and that the conduct of her husband in the respects mentioned was wholly unauthorized by her.

The complaint is duly corroborated by the affidavits of her attorneys and of her husband. The only question involved relates to the propriety of the ruling of the court in holding the complaint sufficient.

It is very evident from the facts set forth in the complaint, and in the exhibits attached, that the plaintiff had a complete defence to the note and mortgage upon which suit had been instituted, and that she had used all reasonable diligence to make her defence after suit had been instituted.

That a successful defence was not made resulted from the unauthorized intervention of her husband, and for this intervention the circumstances tend very strongly to show the agents of the brewing company were responsible. The withdrawal can not be attributed to the neglect of the attorneys,

and if it could, the neglect was very clearly such as is excusable within the meaning of section 396 of the statute.

The facts present a case clearly entitling the plaintiff to the relief obtained in the court below. *Beatty* v. *O'Connor*, 106 Ind. 81, and cases cited.

The judgment is affirmed, with costs.

Filed Sept. 19, 1890.