# CHARLESTON.

SIMPKINS *v.* WHITE.

Submitted January 21, 1897—Decided March 27, 1897.

NEW TRIAL— *Vacating Judgment—Surprise.*

> During the term of court, the counsel representing the parties plaintiff and defendant in a case, in the presence of the regular judge, are talking over the business remaining unfinished, the defendant in said case being present, who understands from the conversation that his case should not be taken up before the next Tuesday for trial, which conversation was on Friday; and under this impression the defendant, with his witnesses, left the court. On Saturday a special judge was elected, who went upon the bench on Monday morning, and tried the case, in the absence of said defendant and his witnesses, and in ignorance of said misunderstanding, although an attorney for the defendant was in town, and had notice that a jury was being called in the case, and refused to go to the court house, on account of some feeling existing between himself and the special judge, and on account of his being too unwell to attend to business, and sent another attorney to state the matters to the court in reference to said understanding. The trial is proceeded with, and a judgment is rendered against the defendant, although he claims to have had a good defense. The trial of the cause, under the circumstances, works such a surprise upon the defendant that a motion to vacate the judgment, set aside the verdict, and award a new trial, should have prevailed.  (p. 206.)

Error to Circuit Court, Mingo county.

Action by Joseph Simpkins against H. S. White. Judgment for plaintiff. From an order refusing to vacate the same, defendant brings error.

*Reversed.*

H. K. SHUMATE and BROWN, JACKSON & KNIGHT, for plaintiff in error.

MARCUM, MARCUM & SHEPHERD and CAMPBELL & HOLT, for defendant in error.

ENGLISH, PRESIDENT:

This was an action of *assumpsit* brought in the Circuit Court of Logan county, but afterwards transferred to

Mingo county, in which Joseph Simpkins was plaintiff, and H. S. White was defendant. On the 16th day of September, 1895, the defendant not appearing, the case was submitted to a jury, upon the issue joined, and resulted in a verdict for the plaintiff for two thousand two hundred dollars, and judgment was rendered upon said verdict, with interest thereon from the date of said judgment and costs; and on the same day the defendant, by his attorney, moved the court to vacate the judgment entered therein, and to set aside the verdict of the jury, upon the ground that he was not present at the trial, for the reason that it was his understanding that the case had been postponed to, and would not be called for trial until the 17th inst., and he was taken by surprise. After hearing the evidence, the court over-ruled the defendant's motion, and refused to vacate said judgment, and set aside said verdict, and grant a new trial, to which ruling the defendant excepted, and applied for and obtained this writ of error.

The difficulty in this case seems to have arisen from the fact that, the regular judge having absented himself, a special judge was elected to proceed with the trial of the docket. It appears from the testimony of Thomas H. Harvey, who was the regular judge of that court, that at the dinner table on Friday (Mr. White, the defendant, and Mr. Shumate, his attorney, and Mr. Shepherd, attorney for the plaintiff, Joseph Simpkins being present) there was a conversation of which Judge Harvey says: "In the meantime I had set two felony cases for Monday. * * * I didn't think it possible that case should come up before Tuesday morning. Mr. Shumate agreed with me that he did not think it could come up, and Mr. Shepherd said that if it didn't come up before Tuesday, that he wouldn't be here. I didn't set the case at the court house, and, if I had been here, this case would not have been tried Monday before the train got here. * * * If I had been here Monday morning, we would have gone into the felony cases, and that case (meaning the one under consideration) would not have come up before Tuesday. That is my idea of the case. I did not, in court or out of court, set the case for any particular day. There were only two cases set,—*Sparks* against the *R. R. Co.* The lawyers agreed on Tuesday as the day, and I acquiesced in it."

It appears that C. M. Turley was elected special judge on Saturday, and that the defendant, H. S. White, was aware of his election on Saturday. The case was heard in the forenoon on Monday, said special judge presiding. The defendant, H. S. White, in response to the question, "State why you were not here on Monday last?" said: "I had been here nearly all of last week on this case and others during the latter part of the week. I was under the impression it was on Saturday that Judge Harvey was going away, and that a special judge would be elected, and he was calling the docket (Judge Harvey was), and running down the list; and I understood that the railroad case, one of them, would be probably tried by the special judge, and, when he came to the case of *Simpkins* v. *White*, the judge looked around and smiled,—Judge Harvey did; and I understood that there was another case that would keep them busy until Tuesday, and that he would take this case up Tuesday. I was sitting right here, watching the court, and Mr. Shumate was near by. I took the train home, and when at the train that afternoon, I saw some of my witnesses, and told them that I would probably telegraph them on Tuesday if the case came up, and to be ready to come. I told them that I understood the case would go over until Tuesday, as it would take three or four days to try it; that was the impression made on my mind; that Judge Harvey would be back Monday; and that the special judge would not take it up." This witness further states that he was very much surprised when he heard the case had come off; had made no arrangements to come; had directed his family to have the books and papers ready where they could get them, and catch the train; that he does not think he owed the plaintiff, Simpkins, one dollar, and believes he would be able to have the court, either Judge Harvey or Judge Turley, wipe out the judgment on a fair trial. The error relied on by the plaintiff in error is the action of the court in refusing to vacate and set aside the judgment rendered against him under the circumstances. Did the court err in so ruling?

Now, while it is true that courts should seek as far as possible to avoid unnecessary delays in the trial of causes, and to promote the speedy administration of justice, and, in doing so, they are to a large

extent clothed with discretion, yet that discretion should not be so exercised as to cause it to work a hardship or injustice to the parties litigant. Now, it will be noticed that Judge Harvy, in his testimony, says: "I said there at the dinner table, in the presence of these gentlemen, Mr. Shumate, Mr. White, and Mr. Shepherd, counsel for Mr. Simpkins, I understood that I didn't think it possible that that case would never come to trial, or something of that kind; that I didn't think it possible that that case would come up before Tuesday morning. Mr. Shumate agreed with me that he did not think it could come up." He also says the lawyers agreed on Tuesday as the day, and he acquiesced in it, but that remark may have applied to the cases of Sparks against the railroad company. Mr. Shumate, Mr. White, and Mr. Shepherd, counsel for the plaintiff, were present. Mr. White acted upon this understanding, and instructed his witnesses accordingly, and says that he was surprised when informed that the case had been heard on Monday; that he had a good defense, and could show that he did not owe the plaintiff's claim, or any part of it. It is true, his attorney, Mr. Shumate, was in town, near the courthouse, when the case was called, on Monday; and when informed that the court was calling a jury in the case, feeling too unwell to go to the courthouse, he requested both Mr. Wilson and Mr. Wilkinson, attorneys (the latter of whom was generally employed by said White, but who was not attorney in this case), to go into court, and state the facts; and Mr. Marcum, attorney for Joseph Simpkins, in his testimony says that Mr. Wilkinson came in after the jury had been sworn, and told him what Mr. Shumate had said, that Mr. Shumate would not come in and interfere on account of Mr. Turley, but that he claimed that Judge Harvey had set the case for trial on Tuesday. Mr. Shumate, attorney for White, did not go to the courthouse; but, if he had gone, he could have done nothing more than Wilkinson did for him,—state his understanding that the case was to go over until Tuesday. White, acting on that understanding, had none of his witnesses there; and Mr. Shumate, in the absence of his client and his witnesses, would have been poorly prepared to try the case if he had gone to the courthouse, even if he had been free from sickness himself.

Now, it is readily perceived from the testimony that the injustice which has been done to the defendant, White, in this case, was occasioned by the special judge being unacquainted with the agreement between counsel, in which Judge Harvey says he acquiesced. If Judge Harvey had been on the bench on Monday morning, that agreement would have been enforced, and the case would not have been called for trial until Tuesday; and, if White did not then have his witnesses present, it would have been his own fault, and he could not be heard to complain, as he is now doing as we think with good cause.

The case of *Mason* v. *McNamara*, cited by counsel for the plaintiff in error (57 Ill. 274), states the law thus: "The well-settled practice in this state has been liberal in setting aside defaults at the term at which they were entered, when it appears that justice will be promoted thereby. The practice has not been so rigid as to require the party moving to set the default aside to bring himself within the strictest rules which govern applications in equity for new trials at law. In such cases the object is that justice be done between the parties, and not permit one party to obtain and retain an unjust advantage." Also, in *Watson* v. *Railroad Co.*, 41 Cal. 17, the court says: (page 20): "Applications of this character are addressed to the discretion—the legal discretion—of the court in which the default occurred, and should be disposed of by it as substantial justice may seem to require. Each case must be determined upon its own peculiar facts, for perhaps no two cases will be found to present the same circumstances for consideration. As a general rule, however, in cases where, as here, the application is made so immediately after default entered that no considerable delay to the plaintiff is to be occasioned by permitting a defense on the merits, the court ought to incline to relieve. The exercise of the mere discretion of the court ought to tend, in a reasonable degree, at least, to bring about a judgment on the very merits of the case; and, where the circumstances are such as to lead the court to hesitate upon the motion to open the default, it is better, as a general rule, that the doubt should be resolved in favor of the application." In *Riley* v. *Emerson*, 5. N. H. 531, it is said by the court: "Where counsel have suffered a verdict

against a party without a trial by a mistake, a review may be granted." Again in *Neve* v. *Milns*, 29 Eng. Law & Eq. 306, a cause was set down for trial at the first sitting in Michaelmas term, and, no one appearing for the defendant, was taken at these sittings as an undefended cause, and verdict entered for the plaintiff. Upon affidavit by the defendant's attorney that he was under the impression that the cause would be tried at the second sitting in that term, and had made a memorandum according in his note book, the court granted a new trial. So, also, in *De Roufigny* v. *Peale*, 3 Taunt, 484, a new trial was granted where a cause had been undefended through mistake of the attorney. So, in *Greatwood* v. *Sims*, 2 Chit. 269, where in the call of the docket a case had been reached sooner than expected by the attorney, and went undefended on that account, a new trial was granted by the Lord Chief Justice Ellenborough. Also the case of *Bennett* v. *Jackson*, 34 W. Va. 62 (11 S. E. 734), presents some features similar to the one under consideration. In that case it appears an action was brought in the county court in 1875. Two years thereafter it was transferred to the circuit court. No order except continuances was made in it after such transfer. The judge of said circuit court could not preside at the trial, and in 1887 the plaintiff, in the absence of the defendant and his counsel, caused a special judge to be elected; and, without the knowledge of the defendant, the case was tried, and a verdict and judgment rendered for the plaintiff. The defendant, being notified of such judgment, moved the court to set the same aside, because of the facts above stated; and, upon his affidavit alleging surprise and the full payment of the debt sued on, the circuit court set aside the judgment, and awarded the defendant a new trial, and it was held no error. In that case, as in this, there was the interposition of a special judge, who tried the case in the absence of the defendant, who was surprised by the appointment of the special judge, and had made no preparation for trial on that account, knowing that the regular judge would not try the case.

In the case we are considering, it appears that the regular judge would not have tried the case on Monday, the day on which it was tried if he had been on the bench,

and the defendants knew he would not, on account of the agreement between counsel in his presence, which the regular judge says was acquiesced in by him, that the case should not be tried until Tuesday. The defendant, in his testimony, claims that he had a good defense to the action, and could have shown that he was not indebted to the plaintiff. The case under consideration presents some peculiar features, and, if the verdict and judgment are allowed to stand, the facts indicate that injustice will be done the defendant. Can we say that, under the circumstances, blame should attach to him for not being present on Monday with his witnesses and with his counsel, prepared for trial? The defendant testifies that his impression was, from the conversation he heard, that Judge Harvey would be back on Monday, and that the special judge would not take up his case, and that he did not know that Mr. Turley would sit on the bench, or that Mr. Shumate, his attorney, would refuse to try a case before him; that he was very much surprised when he heard the case had come off, and had made no arrangements to come. Considering these circumstances, it is apparent that the defendant has been deprived of an opportunity of presenting his defense, by reason of the special judge being unaware of the agreement made by counsel, in the presence of the regular judge; and by acting upon that agreement, which was made in his presence, the action of the special judge in hearing the case at a different day from the one agreed upon, without notice to the defendant, and in the absence of himself and witnesses, was such a surprise upon him that the motion to vacate the judgment, set aside the verdict, and award him a new trial, should have prevailed. The judgment complained of is reversed, the judgment vacated, the verdict set aside, and a new trial awarded, with costs to the plaintiff in error.

*Reversed.*