### HEWITT v. HAZARD.

(Supreme Court, Appellate Division, First Department. August 10, 1898.)

JUDGMENT—OPENING DEFAULT.
    Upon a motion to open a default in an action brought in New York county, it appeared that the case was noticed for the January term, 1897, that the defendant and his attorney resided in Rockland county, and that the latter was not familiar with practice in New York City, and was informed, on repeated inquiries, that the case could not be reached for two years. In fact, and without his knowledge, it appeared on the Friday calendar in March, 1898, and was set down for trial on March 31st, when the default was taken. Held, that, in view of all the facts, the default should be opened.
    Van Brunt, P. J., dissenting.

Appeal from special term, New York county.

Action by Chauncey C. Hewitt against Joshua F. Hazard. From an order denying defendant's motion to open a default, he appeals. Reversed.

Argued before VAN BRUNT, P. J., and BARRETT, RUMSEY, McLAUGHLIN, and O'BRIEN, JJ.

Richard S. Harvey, for appellant.

Nelson Zabriskie, for respondent.

RUMSEY, J. This action was brought in August, 1896, to recover damages which the plaintiff claimed he had sustained by reason of injuries to his canal boat because of the failure of the defendant to furnish the proper facilities at his dock at Nyack to enable the plaintiff to discharge the cargo from his boat. Issue was joined by the service of an answer on the 3d of September, 1896, and the action was noticed for trial by each party in December, 1896. The case was reached upon the calendar on the 25th of March, 1898, and set down for trial on the day calendar for the 31st of March, 1898; and, the defendant not appearing, his default was taken, and an inquest was taken against him on that day. Judgment was rendered in favor of the plaintiff for $66.62 damages, besides costs. The defendant subsequently moved to open the default, and for leave to appear, upon affidavits excusing his failure to appear; but that motion was denied, and from the denial this appeal is taken. It appears that the defendant's attorney lives in the county of Rockland, where the defendant also lives, and that the attorney is not familiar with practice in New York City, nor with the condition of the calendar. The case was put upon the calendar for the January term, 1897; and the defendant's attorney made inquiries then as to when it would probably be reached, and was told that it would certainly not be reached in two years, and probably not in three. He made inquiries again in January, 1898, and he was told then that the case would not be reached until the fall or winter of 1898. He also, as it appeared, made inquiries of a lawyer practicing in New York, and was told by him that the case would not be likely to be reached during this current year. Relying upon those statements, the attorney made no effort to keep himself more particularly advised as to the situation of the case upon the calendar. The case appeared on the Friday calendar on the 25th of March, 1898, and, upon the call, was set down for trial on the 31st day of March. No one appeared for the defendant at the call of the calendar, and he had no information that it had been put on the day calendar for the 31st day of March. It was reached on that day, and his default was taken; but he had no notice of it until the next day, when the bill of costs was served upon him, with the notice of taxation. He at once moved to open his default, but the motion was denied. We think, however, that, in view of all the circumstances of the case, the default should have been opened, and the defendant permitted to try his case. He seems to have a meritorious defense, and while he might probably have exercised greater diligence in watching the calendar, and thus learned when his case was reached, yet, in view of the well-known condition of the calendar of trial terms, and the well-grounded idea that cases, when put upon them for the first time, would not be reached for at least two years, we cannot

say that he was not justified in relying upon the information which he received, especially as he had no notice of the fact that his case was actually set down for the day calendar on the 31st of March. In view of all the facts, we are inclined to think that the interests of justice will be best subserved by opening the default, and permitting the defendant to make his defense.

The order denying his motion to open the default is therefore reversed, with $10 costs and disbursements; and the default is opened, upon payment by the defendant to the plaintiff of the trial fee, and expenses of entering judgment, and $10 costs of the motion, from which are to be deducted the costs and disbursements of this appeal. All concur, except VAN BRUNT, P. J., dissenting.