### MASTEN v. THE INDIANA CAR AND FOUNDRY COMPANY.

[No. 3,052.  Filed April 18, 1900.  Rehearing denied June 22, 1900.]

APPEAL AND ERROR.—*Waiver.*—*Default.*—Where a proceeding to set aside a default was disposed of on its merits without objection to the form of the proceeding, no such question can be raised on appeal. *p. 177.*

SAME.—*Default.*—*Pleading.*—Where an application to set aside a default is not treated as a pleading in the trial court it cannot be thus questioned on appeal. *p. 178.*

PLEADING.—*Judgment.*—*Default.*—In a proceeding, under §399 Burns 1894, to set aside a default the original cause of action need not be set out, but merely the nature of the action and defense. *p. 179.*

EVIDENCE.—*Affidavits.*—*Judgment.*—*Default.*—Where in a proceeding to set aside a judgment rendered by default defendant filed affidavits tending to show excusable neglect, mistake and inadvertence, and plaintiff filed counter-affidavits in conflict with the showing made by them, the rule applicable to oral evidence applies, and the conclusion of the court thereon will not be disturbed if it is supported by any evidence. *pp. 179-181.*

OFFICERS.—*Attorney-General.*—There is no constitutional or statutory inhibition against the Attorney-General practicing law. *p. 181.*

Masten *v*. Indiana Car, etc., Co.

APPEAL AND ERROR.—*Judgment.*—*Default.*—The action of the court in setting aside a judgment rendered by default upon application and affidavits tending to show that the default resulted from excusable neglect and inadvertence will not be disturbed on appeal unless an abuse of discretion on the part of the trial court is shown. *pp. 182-187.*

From the Marion Superior Court.   *Affirmed.*

*John B. Sherwood,* for appellant.

*W. A. Ketcham* and *F. E. Matson,* for appellee.

ROBINSON, J.—On May 29, 1896, at the May term of the Marion Superior Court, appellant obtained a judgment by default against appellee. At the next term, June 8, 1896, appellee moved to set aside the default and vacate the judgment, and with its motion filed the affidavit of its attorney, Mr. Ketcham, as to excusable neglect, mistake and inadvertence, and the affidavit of its general manager, Mr. Frazier, as to a meritorious defense to the original suit. Appellant appeared and filed the counter-affidavit of his attorney, Mr. Sherwood, in denial of appellee's right to the relief asked. Upon the hearing the default was set aside and appellee permitted to answer; and an answer in general denial was then filed. Time was given to file a bill of exceptions, which was done. An appeal to this court, from the order setting aside the default and vacating the judgment, was dismissed March 30, 1898. *Masten* v. *Indiana Car, etc., Co.,* 19 Ind. App. 633.

The record then recites that May 24, 1898, "Come the parties, and this cause being called for trial and the plaintiff declining and refusing to introduce any evidence, the court finds for the defendants. It is therefore considered, adjudged, and decreed by the court that the plaintiff take nothing by this action and that the defendant recover of the plaintiff its costs, taxed at —— dollars."

Appellant assigns as error that appellee's motion and the the affidavits in its support do not state facts sufficient to constitute a cause of action, that the court erred in sustaining the defendant's motion to set aside the default and judg-

ment, and that the court erred in rendering final judgment for the appellee.

The motion and the affidavits and the counter-affidavit are entitled as of the original case. As no objection was made to this in the court below and as the matter was disposed of upon its merits without objection to the form of the proceedings, no such question can be raised now, even conceding, without deciding, that it might have been successfully raised below. *Beatty* v. *O'Connor,* 106 Ind. 81.

To the statute, §644 Burns 1894, §632 Horner 1897, permitting appeals from final judgments only, there are certain exceptions. §658 Burns 1894, §646 Horner 1897. It was held that the former appeal, *Masten* v. *Indiana Car, etc., Co.,* 19 Ind. App. 633, did not come within the exceptions, and that the judgment from which an appeal may be taken must make a final disposition of the cause.

If the motion and affidavits are to be disposed of "in a summary manner upon the affidavit and the facts within the knowledge of the judge", *Ratliff* v. *Baldwin,* 29 Ind. 16, we do not think the statute contemplates anything in the way of pleadings. A counter-affidavit is not an answer in the sense of pleading. The motion and affidavits do not attempt to state any cause of action. The whole purpose of the proceeding is not that the judgment may be adjudged null and void, but that the default may be set aside and the party be permitted to interpose a defense to the action. The moving party is not asking for a judgment, and a judgment of any kind in his favor does not necessarily follow if he is successful. A demurrer to the motion and affidavits for want of facts would have amounted simply to a submission of the motion and affidavits to the court for a hearing on the facts therein set out.

In the case at bar, the proceeding was a motion supported by two affidavits. Appellant appeared in response to notice, filed a counter-affidavit, and upon these the matter was submitted and determined.

As said by the court in *Brumbaugh* v. *Stockman,* 83 Ind. 583 : "Whether the proceeding be by complaint or motion, it must be determined in a summary manner; no pleadings are contemplated beyond the complaint or motion. *Buck* v. *Havens,* 40 Ind. 221; *Lake* v. *Jones,* 49 Ind. 497; *Nord* v. *Marty,* 56 Ind. 531. Upon a complaint, the evidence may consist of affidavits, depositions or oral testimony, but a motion is still properly heard on affidavits only, although in the discretion of the court oral testimony may be heard also; counter-affidavits being admissible on the point on which relief is sought, but not as to the cause of action."

Had a demurrer been filed, the sufficiency of the motion and affidavits might have been tested. *Thompson* v. *Harlow,* 150 Ind. 450; *Durre* v. *Brown,* 7 Ind. App. 127.

The motion and affidavits must be considered as a whole. It does not appear that they were submitted to the court as a pleading. Appellant appeared and filed a counter-affidavit, submitted the issues presented by the several affidavits, not as a matter of pleading, but of evidence. Whether the statute does or does not contemplate any pleading "beyond the complaint or motion", as indicated by the above authorities, we think it not an unsafe rule to hold that if such an application is not treated as a pleading in the trial court, it can not be thus questioned on appeal. As the questions argued may all be properly considered under the second assignment, it is not necessary further to notice the first.

It is argued that the affidavit of Mr. Ketcham shows that when appellee was served with summons, it gave no attention to defending the action. In answer to this it is enough to say that the affidavit clearly shows that when the default was taken Mr. Ketcham represented appellee as its attorney in the matter in controversy and that the relation of attorney and client existed. From the facts set out in the affidavit it is clear that appellee had a right to rely upon his attention to the cause. That the negligence of an attorney

is the negligence of his client is well settled. It is shown that he was employed three months before suit was brought to defend the action if brought, and was told by appellee to appear and defend in the event any action was brought, and that he investigated the matter before suit was brought and reported the result of his investigation to appellee. It is evident from all the facts that the default judgment was not proximately caused by appellee's negligence.

The statute does not require that the motion and affidavits should set out the original cause of action but simply the nature of it. The facts constituting the defense must be shown, but it is necessary to state only the nature or character of the original action. In passing upon such an application the court will not inquire into the merits of the original action and, for this reason, counter-affidavits as to the alleged facts relied on as a defense are not admissible. *Dobbins* v. *McNamara,* 113 Ind. 54, 3 Am. St. 626; *Buck* v. *Havens,* 40 Ind. 221; *Nord* v. *Marty,* 56 Ind. 531.

From the motion and affidavits it is clear the original action was by appellant against appellee for personal injuries. *Durre* v. *Brown,* 7 Ind. App. 127; *Wills* v. *Browning,* 96 Ind. 149.

Some confusion arises from the fact that the affidavits and counter-affidavits refer to the complaint, and it, with the answer, is set out in the transcript. They necessarily came before the trial court at some stage of this proceeding for the reason that the final judgment rendered could not have been rendered without them. But, in any event, there is enough in the affidavits themselves to show the nature of the original action and that appellee had a meritorious defense. The principal question in the case is whether there is a showing of mistake, inadvertence or excusable neglect.

The affidavit of Mr. Ketcham shows, among other things, that during the time in question he was Attorney-General of the State, and sets out the particular public duties in which he was at the times in question constantly engaged,

and which called him away from his office on the three days following the 8th day of May; that he maintained a private office where he kept assistants to whom it was his universal custom to refer matters of entering appearances and filing pleadings in his private practice, and to whom was left the duty of attending to all matters connected with cases pending in court up to the time of the actual trial; that on May 8th, he received a letter inclosing a copy of the summons and intending to send them to his private office asking his assistants to attend to the case, as was his custom in such matters; that he did not send the letter and summons, but left them on his desk where, either by the carelessness of the janitor or of some one unknown to the affiant, they became covered up with other papers and thenceforth escaped his attention; that affiant supposed he had sent the papers to his assistants and acted upon that belief, until June 4th following when his attention was called to the fact that no appearance had been entered and that judgment had been taken by default; that he immediately investigated the matter and then learned that he had not sent to his private office the letter and summons, but that they still remained on his desk under some papers of matters that had been disposed of and that were not requiring attention. It is also shown that the application is not made for delay but for the purpose of being permitted to defend the action and that, upon a hearing, appellee will show there is no liability against it as stated in the complaint.

While the counter-affidavit does not in terms contradict any particular averment contained in the affidavits in behalf of appellee, yet it is in conflict with the showing made by them, and is intended to controvert facts tending to show excusable neglect, mistake and inadvertence. In such cases the affidavits partake of the nature of depositions and parol testimony, and not of the nature of documentary evidence; and the rule applied to parol testimony must be applied to them. The court's conclusion will not be disturbed if it is

supported by any evidence and, unless there is a clear failure to prove, it must stand. *Nash* v. *Cars,* 92 Ind. 216; *Carter* v. *Plate Glass Co.,* 85 Ind. 180; *Williams* v. *Grooms,* 122 Ind. 391; *Murrer* v. *Security Co.,* 131 Ind. 35; *Devenbaugh* v. *Nifer,* 3 Ind. App. 379; *Wells* v. *Bradley,* 3 Ind. App. 278.

It appears that at the time in question Mr. Ketcham was the Attorney-General of Indiana, and it is argued that he could not legally engage in the private practice of law during his term of office. This question can not be thus raised by appellant unless we could say that, because of his official position, a contract of private employment was void; and this we can not do. There is no constitutional or statutory inhibition against his accepting such employment. The legislature has at different times provided that certain designated public officers shall not practice law, but the Attorney-General is not of the number. Whatever reason may have been in the minds of the legislators when the statutes were enacted must have been considered by them not applicable to public officers not named. We think the maxim *"expressio unius est exclusio alterius"* applies to such cases. See *Howe* v. *Independence, etc., Co.,* 29 Cal. 72; *Hill* v. *Crump,* 24 Ind. 291.

Whether or not the affidavits show mistake, inadvertence or excusable neglect is a question of fact. If the term "excusable neglect" had a fixed legal meaning, the question would be different. In such case all the facts are to be considered in determining whether the one essential fact of excusable neglect is shown. The case does not rest upon a number of essential elements, the proof as to one of which there is a failure. In such case there must be evidence to show the inferential fact of excusable neglect. This evidence may be slight, but if there is some evidence it will control on appeal. If the evidence of the moving party shows inexcusable neglect, or if the facts are undisputed and the conclusion to be drawn from those facts is indis-

putable, the question for the trial court is then one of law. But unless the court can say that there is no evidence showing excusable neglect, or that the moving party has himself shown inexcusable neglect, the question is one of fact.

As we view the facts set out in the affidavits they tend to sustain the finding of inadvertence and excusable neglect. This evidence might be differently viewed by different courts, but the question here is, was there evidence to sustain the finding? As stated in *Williams* v. *Grooms,* 122 Ind. 391: "Where, upon a complaint or motion to set aside a default, affidavits and counter-affidavits are heard, the settled rule is that the decision of the court will not be interfered with in case it is supported by any evidence."

What some courts have held constitutes mistake, inadvertence or excusable neglect, would in other courts be held differently, and that the question is one to be determined by the particular facts of each case is shown by an examination of the following among a large number of cases upon the subject: *Ellis* v. *Butler,* 78 Iowa 632, 43 N. W. 459; *Heaps* v. *Hoopes,* 68 Md. 383, 12 Atl. 882; *Capital Savings Bank* v. *Swan,* 100 Iowa 718, 69 N. W. 1065; *Johnson* v. *Eldred,* 13 Wis. 539; *Freeman* v. *Brown,* 55 Cal. 465; *Hewitt* v. *Hazard,* 53 N. Y. Supp. 340; *Ordway* v. *Suchard,* 31 Iowa 481; *Hardman Co.* v. *Consolidated, etc., Co.,* (S. D.) 77 N. W. 1022; *Crescent Brewing Co.* v. *Cullins,* 125 Ind. 110; *Cruse* v. *Cunningham,* 79 Ind. 402; *Green* v. *Stobo,* 118 Ind. 332; *Eakins* v. *Kemper,* 21 Mont. 160, 53 Pac. 310; *Griel* v. *Vernon,* 65 N. C. 76.

In *Ordway* v. *Suchard, supra,* the action of the trial court refusing to set aside a default was reversed, where it was shown that the failure of the attorney to answer in time resulted from the accidental misplacing of the papers in the case whereby they were overlooked and not discovered till near the close of the last term, the same being the first term after the commencement of the suit, and immediately on the discovery the motion to set aside the

default was made and within three or four days after the default was taken.

Appellant's counsel argues that the cases of *Kreite* v. *Kreite,* 93 Ind. 583, and *Baltimore, etc., R. Co.* v. *Flinn,* 2 Ind. App. 55, are decisive of the case at bar. But each of these cases, as are all cases of this character, was decided upon its own particular facts, and an examination of them will show that the facts in neither of them are similar to those in the case at bar. In the Kreite case appellant was sued, process returnable Sept. 9, 1882, and had employed an attorney who appeared and pretended to set up an answer and afterward, Sept. 27, 1882, knowing appellant had a valid and complete defense and without any authority from appellant and without his knowledge or consent, wrongfully agreed, suffered and permitted a judgment to be rendered; that appellant did not know of such action until March 15, 1883, when execution was issued. On appeal the action of the trial court refusing to set aside the judgment was affirmed. The opinion intimates that appellant's remedy was against the attorney and not to be relieved from the judgment. In the Flinn case the Appellate Court affirmed the trial court's action refusing to set aside the default. The default in that case resulted really from a mistaken impression on the part of the attorney as to when the term of court began. It was not shown that he made any inquiry at all as to when the term did begin, nor that he was in any way misled. He had received the summons, which, if he had read, would have informed him when the court convened. He had received the summons in December and said he had overlooked the case until the 20th day of the following month. No excuse is given for the oversight, and so far as is shown he might at any time have consulted the summons and informed himself.

In *Davis* v. *Steuben School Township,* 19 Ind. App. 694, cited by counsel, appellant obtained a judgment against appellee upon default, while one Starry was trustee. After he

was succeeded by one Chandler, as trustee, appellee, by proceedings under §399 Burns 1894, sought to have the default set aside and judgment vacated. It was held that the township must act through its trustee, and that as the affidavit showed that the former trustee had failed and neglected to defend the action and had corruptly and unlawfully suffered the judgment to be rendered, the relief asked under the above section could not be granted. There was no showing whatever that the judgment was taken through mistake, inadvertence, surprise, or excusable neglect.

But, in such cases as this, we think it is within the sound discretion of the trial court to relieve the party from the judgment and permit him to plead, or to refuse the application, and that we may review such action of the court it must appear there has been an abuse of that discretion.

Section 99 of the code of 1852 provides as follows: "The court may also, in its discretion, allow a party to file his pleadings after the time limited therefor; and at any time within one year relieve a party from a judgment taken against him, through his mistake, inadvertence, surprise or excusable neglect and supply an omission in any proceedings."

The above section, as amended in 1867, reads: "The court may also, in its discretion, allow a party to file his pleadings after the time limited therefor; and shall relieve a party from a judgment taken against him, through his mistake, inadvertence, surprise or excusable neglect and supply an omission in any proceedings on complaint or motion filed within two years." §399 Burns 1894, §396 Horner 1897.

Appellant's counsel argues that under §399, *supra,* no discretion is vested in the trial court, and that the discretion vested under section 99, *supra,* was taken away by section 399. *Smith* v. *Noe,* 30 Ind. 117; *Bush* v. *Bush,* 46 Ind. 70; *Phelps* v. *Osgood,* 34 Ind. 150.

These cases are to the effect that the discretion, under

the old code, to grant relief, becomes an imperative duty under §399 *supra* to relieve from a judgment taken through mistake, inadvertence, surprise or excusable neglect. The legislature intended, as said in one of these cases, to adopt a more liberal practice in such cases by excluding the idea of any mere discretionary power in the court in granting or refusing the application. But, from the more recent holdings of the courts, we do not understand that the legal discretion to grant relief from a default was completely taken away by section 399.

In *Hoag* v. *Old People's, etc., Soc.*, 1 Ind. App. 28, where, among other reasons argued, it was insisted that the evidence upon which the application was submitted was wholly insufficient to set aside the default and judgment, the court said: "The courts, even independently of statutes, possess and exercise a very large discretion in vacating judgments by default, for the purpose of permitting a defense to be made on the merits, and in deciding upon the question of diligence the action of the court will be reviewed only in extreme cases, involving an abuse of the discretion vested in the court. Freeman on Judg. §541, and authorities cited." *Decker* v. *Graves*, 10 Ind. App. 25; *Dallin* v. *McIvor*, 12 Ind. App. 150.

In *Cruse* v. *Cunningham*, 79 Ind. 402, in speaking of the action of the trial court in setting aside a default upon application made under the above section, the court said: "We think that, under the circumstances stated in the appellee's affidavit, there was some excuse for him, and that the action of the court in setting aside the default and permitting said appellee to plead was a reasonable exercise of discretion, not available as error".

Without entering upon a critical examination of the definition of terms, it may be said that judicial discretion is never the arbitrary will of the judge. "When they [courts] are said to exercise a discretion, it is a mere legal discretion, a discretion in discerning the course prescribed by law, and

when that is discerned it is the duty of the court to follow it." *Osborn* v. *Bank of the United States,* 9 Wheat. 738, 6 L. ed. 204.

Although the statute, without saying anything about discretion, gives a party the right to a new trial for certain reasons, yet the trial court is no more than exercising a legal discretion in granting a new trial, and if there is no abuse of discretion, the court's action will not be reviewed. *Barnes* v. *Bayless,* 134 Ind. 600.

In *Comstock* v. *Whitworth,* 75 Ind. 129, the court said: "The rule which has been adopted in reference to errors assigned upon the action of the courts, in granting new trials, would seem to be equally applicable to the setting aside of a default, of which the practical result is the same." See *Winer* v. *Mast,* 146 Ind. 177; Elliott's Gen. Prac. §1032; *Carthage, etc., Co.* v. *Overman,* 19 Ind. App. 309; *Nagle* v. *Hornberger,* 6 Ind. 69; *Leppar* v. *Enderton,* 9 Ind. 353; *Hust* v. *Conn,* 12 Ind. 257; *Saint* v. *State,* 68 Ind. 128; *Western Union Tel. Co.* v. *Kilpatrick,* 97 Ind. 42; *Leary* v. *Ebert,* 72 Ind. 418; *Fitzpatrick* v. *Papa,* 89 Ind. 17; *Collingwood* v. *Indianapolis, etc., R. Co.,* 54 Ind. 15; *House* v. *Wright,* 22 Ind. 383.

It is quite true that when a complainant has taken the steps prescribed by law, he is entitled to a judgment upon default and that such action of a court can be set aside only for cause shown. But it is and has always been the policy of the law to dispose of cases upon their merits, and a statute providing for the opening or vacation of a judgment by default, being remedial in its nature, should be liberally construed. An examination of the many cases, some of which we have cited, will disclose that appellate courts are very reluctant to disturb the trial court's action setting aside a default and permitting a trial upon the merits. And where, as here, the application is made so soon after the default and judgment are taken as that no considerable delay is occasioned by permitting a defense on the merits,

where the moving party makes a showing of a defense on the merits which is *prima facie* meritorious; where it is not shown that such action would necessarily result in any injustice to appellant's substantial rights; where, upon the relief being granted, an answer is at once filed putting the case at issue; where it is not shown the party could not have had a full, fair and speedy trial upon the merits; and where there is some showing that the default resulted from excusable neglect and inadvertence; we can not say there was such an abuse of discretion as would authorize us in disturbing the conclusion reached by the trial court. And even though there should be some doubt as to the sufficiency of the showing of excusable neglect and inadvertence, we believe, as is said in *Watson v. San Francisco, etc., R. Co.,* 41 Cal. 17, in speaking of a similar application, that "It is better, as a general rule, that the doubt should be resolved in favor of the application." See *Watson v. San Francisco, etc., R. Co., supra; Hitchcock v. McElrath,* 69 Cal. 634, 11 Pac. 487; *Bigler v. Baker,* 40 Neb. 325, 58 N. W. 1026, 24 L. R. A. 255; *Harbaugh v. Honey Lake, etc., Co.,* 109 Cal. 70, 41 Pac. 792; *First Nat: Bank v. Brown (Iowa),* 77 N. W. 507; *Ordway v. Suchard,* 31 Iowa 481; *Behl v. Schuette,* 95 Wis. 441, 70 N. W. 559; *Whereatt v. Ellis,* 70 Wis. 207, 35 N. W. 314; *Boutin v. Catlin,* 101 Wis. 545, 77 N. W. 910; *Westphal v. Clark,* 46 Iowa 262; *Grady v. Donahoo,* 108 Cal. 211, 41 Pac. 41; *Seymour v. Elmer,* 4 E. D. Smith 199; *Whiteside v. Logan,* 7 Mont. 273, 17 Pac. 34; *Simpkins v. White,* 43 W. Va. 200, 27 S. E. 241.

Judgment affirmed.